# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **WSOU INVESTMENTS, LLC D/B/A** | § | **CIVIL ACTION 6:20-cv-00460-ADA** |
| **BRAZOS LICENSING AND** | § | **CIVIL ACTION 6:20-cv-00462-ADA** |
| **DEVELOPMENT,** | § | **CIVIL ACTION 6:20-cv-00464-ADA** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MICROSOFT CORPORATION,** | § | |
| *Defendant.* | § | |
| | § | |

## PLAINTIFFS' OPENING CLAIM CONSTRUCTION BRIEF

# TABLE OF CONTENTS

I. Legal Standards ................................................................................................................ 1

    A. Claim Construction Generally ............................................................................... 1

    B. Indefiniteness ......................................................................................................... 2

II. U.S. Patent No. 7,106,727 (Case No. 6:20-cv-00462) Disputed Claim Terms ................ 2

        1. determining a measure of the plurality of calls ........................................... 2

        2. set of resources ............................................................................................ 4

III. U.S. Patent No. 7,706,519 (Case No. 6:20-cv-00464) Disputed Claim Terms ................ 5

        3. automatically/automatic .............................................................................. 5

IV. U.S. Patent No. 8,625,758 (Case No. 6:20-cv-00460) Disputed Claim Terms ................ 5

        4. accessing, dynamically, a rule for charging a sponsor of said communication services ............................................................................. 5

        5. a plurality of parameter values including at least one respective value of at least one respective parameter other than an identity of an originator of the request for communication services, an intended recipient of a communication of the requested communication services and an identity of the sponsor ............................. 6

        6. dynamically determining a rule for charging a sponsor of said communication service .............................................................................. 8

        7. a plurality of parameter values including at least one respective value of at least one respective parameter other than an identity of an originator of a request for the communication service, an intended recipient of a communication of the requested communication service and an identity of the sponsor ............................... 8

        8. a first cost for the usage of said communication service is charged at least partially to said sponsor, by determining a second cost, the second cost depending on said rule and said first cost ................................ 9

## TABLE OF AUTHORITIES

**Cases**

*Azure Networks, LLC v. CSR PLC,*
   771 F.3d 1336 (Fed. Cir. 2014) ............................................................................................. 1

*CloudofChange, LLC v. NCR Corp.*,
   No. 6-19-CV-00513-ADA, 2020 WL 4004810 (W.D. Tex. July 15, 2020) ......................... 1, 2

*Comark Commc'ns, Inc. v. Harris Corp.*,
   156 F.3d 1182 (Fed. Cir. 1998) ............................................................................................. 1

*Dayco Prods. v. Total Containment, Inc.*,
   258 F.3d 1327 (Fed. Cir. 2001) ..................................................................................... 3, 4, 7

*Liebel–Flarsheim Co. v. Medrad, Inc.*,
   358 F.3d 898 (Fed.Cir.2004) ................................................................................................. 4

*Nautilus, Inc. v. Biosig Instruments, Inc.*,
   572 U.S. 898 (2014) .............................................................................................................. 2

*Nevro Corp. v. Bos. Sci. Corp.*,
   955 F.3d 41 (Fed. Cir. 2020) ............................................................................................ 5, 10

*Phillips* v. *AWH Corp.,*
   415 F.3d 1303 (Fed. Cir. 2005) ............................................................................................. 1

*Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*,
   844 F.3d 1370 (Fed. Cir. 2017) ............................................................................................. 2

*Toshiba Corp. v. Imation Corp.*,
   681 F.3d 1369 (Fed. Cir. 2012) ..................................................................................... 2, 4, 7

**Statutes**

35 U.S.C. § 112 ............................................................................................................................ 2

Plaintiff WSOU Investments, LLC d/b/a Brazos License and Development ("WSOU") respectfully submits this claim construction brief in support of its proposed constructions.

# I. Legal Standards

## A. Claim Construction Generally

The general rule is that claim terms are generally given their plain-and-ordinary meaning. *Phillips* v. *AWH Corp.,* 415 F.3d 1303, 1312 (Fed. Cir. 2005) *(en banc); Azure Networks, LLC v. CSR PLC,* 771 F.3d 1336, 1347 (Fed. Cir. 2014), *vacated on other grounds by* 135 S. Ct. 1846, 1846 (2015) ("There is a heavy presumption that claim terms carry their accustomed meaning in the relevant community at the relevant time."). The plain and ordinary meaning of a term is the "meaning that the term would have to a person of ordinary skill in the art in question at the time of the invention." *Philips,* 415 F.3d at 1313. "'Although the specification may aid the court in interpreting the meaning of disputed claim language, particular embodiments and examples appearing in the specification will not generally be read into the claims.'" *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998) (quoting *Constant* v. *Advanced Micro-Devices, Inc.,* 848 F.2d 1560, 1571 (Fed. Cir. 1988)). Although extrinsic evidence can also be useful, it is "'less significant than the intrinsic record in determining the legally operative meaning of claim language.'" *Phillips,* 415 F.3d at 1317 (quoting *C.R. Bard, Inc.* v. *U.S. Surgical Corp.,* 388 F.3d 858, 862 (Fed. Cir. 2004)).

This Court recently explained that "[t]he 'only two exceptions to [the] general rule' that claim terms are construed according to their plain and ordinary meaning are when the patentee (1) acts as his/her own lexicographer or (2) disavows the full scope of the claim term either in the specification or during prosecution." *CloudofChange, LLC v. NCR Corp.*, No. 6-19-CV-00513-ADA, 2020 WL 4004810, at *2 (W.D. Tex. July 15, 2020) (quoting *Thorner v. Sony Computer Entm't Am. LLC*, 669 F.3d 1362, 1365 (Fed. Cir. 2012). "To act as his/her own lexicographer, the

patentee must 'clearly set forth a definition of the disputed claim term,' and 'clearly express an intent to define the term.'" *Id.* (quoting *Thorner,* 669 F.3d at 1365). And "[t]o disavow the full scope of a claim term, the patentee's statements in the specification or prosecution history must represent 'a clear disavowal of claim scope.'" *Id.* (quoting *Thorner,* 669 F.3d at at 1366). "Accordingly, when 'an applicant's statements are amenable to multiple reasonable interpretations, they cannot be deemed clear and unmistakable.'" *Id*. (quoting *3MInnovative Props. Co.* v. *Tredegar Corp.,* 725 F.3d 1315, 1326 (Fed. Cir. 2013)).

      **B.**      **Indefiniteness**

The Patent Act requires claims to particularly point out and distinctly claim the subject matter regarded as the inventions. 35 U.S.C. § 112, ¶ 2. To satisfy this requirement, the claim must be read in light of the intrinsic evidence to determine whether it informs one of skill in the art at the time of the invention "about the scope of the invention with reasonable certainty." *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 910-11 (2014). To establish that a claim is indefinite, a patent challenger must prove indefiniteness by clear and convincing evidence. *Sonix Tech. Co. v. Publ'ns Int'l, Ltd.*, 844 F.3d 1370, 1377 (Fed. Cir. 2017).

**II.**      **U.S. Patent No. 7,106,727 (Case No. 6:20-cv-00462) Disputed Claim Terms**

      **1.**      **determining a measure of the plurality of calls**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | measuring the number and type of calls on the network |

This term should be given its plain and ordinary meaning. Defendant's proposed construction should be rejected at least for improperly importing limitations from the specification. *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1369 (Fed. Cir. 2012) ("Absent disclaimer or lexicography, the plain meaning of the claim controls."); *Dayco Prods. v. Total Containment, Inc.*,

2

258 F.3d 1327 (Fed. Cir. 2001) ("adding limitations to claims not required by the claim terms themselves, or unambiguously required by the specification or prosecution history, is impermissible."). Defendant's proposed construction improperly seeks to limit this term to "measuring the number and type of calls on the network", however, the specification makes clear that this term is not so limited. For example, the specification enumerates *numerous* exemplary ways a measure may be determined:

> "When traffic is to be measured at step 303, the process continues with step 305, <u>where a measure of calls received at step 301 is determined</u>. The measure of calls *includes* a measure of circuit-switched traffic (in bits per second), a measure of packet-switched traffic (in bits per second), a distribution of traffic between circuit-switched and packet-switched (e.g., by %), a measure of circuit-switched calls (e.g., a count of current circuit switched calls), a measure of packet-switched calls (e.g., a count of current packet-switched calls), a distribution of calls between circuit-switched and packet-switched (e.g., by % of total bandwidth), ***and any of measure of traffic or calls as known in the art.*** For example, traffic may be measured as 12 Mbps circuit-switched and 25 Mbps packet-switched or a percentage allocation between circuit and packet may be utilized, such as 60% circuit and 40% packet. Alternatively, a count of calls at the access network 105 by type may be utilized, such as 123 circuit calls and 68 packet calls. A further measure might be a division of the total number of resources by type. Such as 96 circuit resources and 48 resources."
> '727 patent, 4:31-52 (emphasis added).

As seen in the example above, the specification expressly contemplates *numerous* ways a measure of calls may be determined, including measures of circuit-switched traffic, packet-switched traffic, distribution of traffic, count of circuit-switched calls, count of packet-switched calls, "**and any of measure of traffic or calls as known in the art**". Defendant's proposed construction improperly seeks to limit the term to just one of the recited examples of a measure, whereas the specification not only enumerates many other measures, but the specification also makes clear the claims are not limited to just those specific examples. Defendant's proposed construction should be rejected.

3

**2.      set of resources**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | a part of a pool of physical network resources, each capable of handling circuit-switched and packet-switched formats |

This term should be given its plain and ordinary meaning. Defendant's proposed construction should be rejected at least for improperly importing limitations from the specification. *Toshiba*, 681 F.3d at 1369 ("Absent disclaimer or lexicography, the plain meaning of the claim controls."); *Dayco*, 258 F.3d at 1327 ("adding limitations to claims not required by the claim terms themselves, or unambiguously required by the specification or prosecution history, is impermissible."). Defendant's proposed construction improperly seeks to limit this term to require "physical network resources" and to require that the set of resources "each capable of handling circuit-switched and packet-switched networks". It appears that Defendant's proposed construction is seeking to import limitations from an embodiment illustrated by Figure 1 of the '727 patent, however, importing limitations from an embodiment is improper, even if Defendant were to contend that it was the only embodiment. *Liebel–Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 906 (Fed.Cir.2004). Furthermore, the specification makes clear that the claims are not limited in the ways that Defendant proposes. First, the specification makes clear that the claims are not limited to "physical network resources" where "each [are] capable of handling circuit-switched and packet-switched formats" as Defendant proposes.

Instead, the specification states that "The above embodiments describe an allocation of resources between circuit-switched and packet-switched. The present invention may also be applied to additional types of resources, i.e., to allocate and reallocate resources between two or more types of resources." '727 patent, 7:62-67. Accordingly, Defendant's proposed construction should be rejected.

### III. U.S. Patent No. 7,706,519 (Case No. 6:20-cv-00464) Disputed Claim Terms

**3.     automatically/automatic**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | Indefinite |

This term should be given its plain and ordinary meaning, which is understood by jurors, lay-persons, and persons of ordinary skill in the art alike. The term "automatic" is widely used and understood. Defendant's position that the term is indefinite should be rejected. There is nothing confusing or uncertain about the scope of the term. *Nevro Corp. v. Bos. Sci. Corp.*, 955 F.3d 41 (Fed. Cir. 2020).

### IV. U.S. Patent No. 8,625,758 (Case No. 6:20-cv-00460) Disputed Claim Terms

**4.     accessing, dynamically, a rule for charging a sponsor of said communication services**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | selecting in real-time which rule from a set of rules is applicable for charging a sponsor of said communication service |

This term should be given its plain and ordinary meaning. Defendant's proposed construction attempts to re-write the claim language and insert limitations not recited much less required by the specification. Specifically, (i) there is nothing in the specification that requires the accessing to occur in "real-time", and (ii) there is nothing in the specification that requires "a set of rules" as Defendant proposes. First, where Defendant attempts to replace the word "dynamically" with "real-time" should be rejected, not only does the word "real-time" not appear anywhere in the specification, the specification describes "dynamically" determining a rule for charging based on one or more other rules or factors. *See e.g.* '758 patent, 5:39-41, 6:14-20. Additionally, Defendant's replacement of "dynamically" with "real-time" is confusing and unhelpful. Second, where Defendant attempts to replace "accessing … a rule…" with "selecting

5

… which rule from a set of rules…" should also be rejected. Nowhere in the specification or claim language is there a requirement that the rule is accessed or selected from a set of rules. And in fact, as the specification teaches, the rule may be determined, rather than "selected" from a set of rules. *See e.g.* '758 patent, 4:38-53, 5:39-41, 6:14-20. For example, the rule may be determined based on a percentage of a first cost, or the rule may be determined by consulting a different rule, or the rule may be determined by extracting an identifier and searching a different rule for a matching identifier. *Id.* In other words, there is nothing in the specification or claim language that requires "a set of rules" from which a rule is "selected" as Defendant proposes.

In summary, Defendant's proposed construction improperly rewrites the words of the claim language and seeks to limit the scope of the claim language where there is no evidence of disclaimer or lexicography. Defendant's proposed construction should be rejected.

    **5.**     **a plurality of parameter values including at least one respective value of at least one respective parameter other than an identity of an originator of the request for communication services, an intended recipient of a communication of the requested communication services and an identity of the sponsor**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | a plurality of parameter values, one of which must be something other than the location/ country code of the phone number of the recipient of an originator of the request for communication services, the location/ country code of the phone number of the intended recipient of a communication of the requested communication services, or the identity of the sponsor |

This term should be given its plain and ordinary meaning, as there is nothing in Defendant's proposed construction that indicates any confusion as to the plain meaning of the term itself. In fact, for the most part Defendant merely rewords the claim language (which is confusing and at best unhelpful), and then strangely replaces the word "identity" in only one of the two places the

6

word appears in the claim language. Further, by selectively replacing the word "identity" it becomes clear that Defendant does so only to improperly narrow the scope of the claim term to restrict the "identity" of an originator of the request and an intended recipient of a communication to "the location / country code of the phone number of" each respective entity. However, not only is it improper to import limitations from the specification, there is no such recitation of a "location / country code" in the specification. *Toshiba*, 681 F.3d at 1358, 1369 ("Absent disclaimer or lexicography, the plain meaning of the claim controls."); *Dayco*, 258 F.3d at 1317, 1327 ("adding limitations to claims not required by the claim terms themselves, or unambiguously required by the specification or prosecution history, is impermissible."). Indeed, the word "code" does not appear anywhere in the specification. Perhaps Defendant is referring to *examples* in the specification of identifiers, however such *exemplary* identifiers are phone numbers (as opposed to "location/country codes" of the phone numbers). *See e.g.* '758 patent, 3:16-22, 7:49-51. Additionally, the specification also provides for determining an identifier from a "charging event". *Id.*, 7:1-2. Regardless, nothing in any of the examples from the specification rises to the level of disclaimer or lexicography. Finally, Defendant's proposed construction should further be rejected because it seeks to replace the phrase "other than an identity <u>of an originator</u> of the request for communication services" in the claim language with "something other than the location/country code of the phone number **of the recipient of an originator** of the request for communication services". It is incomprehensible what Defendant is referring to by "the recipient of an originator".

In summary, Defendant's proposed construction confusingly and unnecessarily rewrites the words of the claim language and improperly seeks to limit the scope of the word "identity" where there is no evidence of disclaimer or lexicography, and in only one of two instances in the claim language. Defendant's proposed construction should be rejected.

      **6.**      **dynamically determining a rule for charging a sponsor of said communication service**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | selecting in real-time which rule from a set of rules is applicable for charging a sponsor of said communication service |

This term should be given its plain and ordinary meaning for the same reasons as discussed in **Section IV.1**, above. This term only slight differs in that it recites "dynamically determining" instead of "accessing, dynamically", and as discussed in **Section IV.1**, above, the specification provides examples of "dynamically determining" the rule, which does not mention, much less require "selecting in real-time" nor does it require "selecting… which rule from a set of rules…". Defendant's proposed construction improperly rewrites the words of the claim language and seeks to limit the scope of the claim language where there is no evidence of disclaimer or lexicography. Defendant's proposed construction should be rejected.

      **7.**      **a plurality of parameter values including at least one respective value of at least one respective parameter other than an identity of an originator of a request for the communication service, an intended recipient of a communication of the requested communication service and an identity of the sponsor**

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | a plurality of parameter values, one of which must be something other than the location/ country code of the phone number of the recipient of an originator of the request for communication services, the location/ country code of the phone number of the intended recipient of a communication of the requested communication services, or the identity of the sponsor |

WSOU includes this term, which is nearly identical to the term discussed in **Section IV.2**, above (the only difference being the phrase "for <u>the</u> communication service" instead of "for communications services"), because it is identified and presented as a separate term by

Defendant's Amended Proposed Claim Constructions. This term should be given its plain and ordinary meaning for the same reasons as discussed in **Section IV.2**, above. Defendant's proposed construction should be rejected.

> 8. a first cost for the usage of said communication service is charged at least partially to said sponsor, by determining a second cost, the second cost depending on said rule and said first cost

| WSOU's Proposed Construction | Defendant's Proposed Construction |
|---|---|
| Plain and ordinary meaning | Indefinite |

This term should be given its plain and ordinary meaning. To the extent Defendant will argue Defendant cannot understand or parse the term, breaking up the term into three pieces may assist Defendant: (i) a first cost for said communication service is charged at least partially to the sponsor, (ii) by determining a second cost, (iii) the second cost depending on said rule and said first cost. To put the above claim language differently, a second charge is charged to the sponsor, where the second charge is determined by the first cost and a said rule, which results in the second cost (which is what is charged to the sponsor) being at least a partial amount of the first cost.

Defendant perhaps will argue that the above logic is circular, but Defendant would be wrong because Defendant likely overlooks that only a part of the first cost is charged to said sponsor. In other words, it is the second cost that is charged to the sponsor, not the first cost, and there is nothing controversial about the second cost being determined based on a rule and the first cost. The specification provides an example:

> "In step 306 said sponsor's cost C2 is determined, for example by applying said rule R to said total cost C1. For example said rule R is defined as pair of data, containing said first values referencing said sponsor, and said second value r, e.g. r=0.1, defining e.g. said percentage of said total cost C1 that is to be charged to said sponsor. In this case said second cost C2 is calculated as follows: C2=C1 *r." '758 patent, 6:35-41.

As shown in the above example, the sponsor's cost (C2, or the second cost) is determined

9

"by applying said rule to said total cost C1 [the first cost]". Or, put differently C2 (the second cost) equals C1 (the first cost) multiplied by "r" (the percentage value from said rule), which results in the sponsor's cost (the second cost C2) being at least a portion of (or partially of) C1, the first cost.

Defendant's position that the term is indefinite should be rejected. As shown above, there is nothing confusing about the scope or requirements of the term. *Nevro*, 955 F.3d at 41 (The test for indefiniteness is whether the claims, viewed in light of the specification and prosecution history, "inform those skilled in the art about the scope of the invention with reasonable certainty.").

Dated: January 8, 2021 Respectfully submitted,

By: */s/ Ryan Loveless*
James L. Etheridge
Texas Bar No. 24059147
Ryan S. Loveless
Texas Bar No. 24036997
Brett A. Mangrum
Texas Bar No. 24065671
Travis L. Richins
Texas Bar No. 24061296
Jeffrey Huang
Etheridge Law Group, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, TX 76092
Tel.: (817) 470-7249
Fax: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Jhuang@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
Law Firm of Walt, Fair PLLC.
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this the 8th day of January, 2021.

*/s/ James L. Etheridge*
James L. Etheridge