# Exhibit 6

## REMARKS

The Applicants have now had an opportunity to carefully consider the comments set forth in the Office Action that was mailed July 23, 2013. All of the rejections and objections are respectfully traversed. Amendment and reconsideration of the Application are respectfully requested.

## The Office Action

In the Office Action that was mailed July 23, 2013:

**claims 1 – 9, 17 – 23** and **25 – 28** were rejected under 35 USC §112, first paragraph, for allegedly failing to comply with the written description requirement.

## Summary of Telephone and E-Mail Communications

On or about, August 1, 2013, in regard to the rejection of the claims under 35 USC §112, first paragraph, Mr. Thomas Tillander, one of the representatives of the applicants, sent an e-mail message to the Examiner, Mr. Quoc Duc Tran, identifying support in the specification for the phrase "multi-dimensional rule" objected to in the rejection and requesting a telephone interview. The Examiner replied by e-mail reiterating the position that the phrase "multi-dimensional" was not included in the specification and requesting that a formal response be submitted.

On or about August 2, 2013, Mr. Tillander called the Examiner and asked for clarification of the position of the Office as to whether the Office was requiring the literal use of the phrase "multi-dimensional rule" in the specification or if the Office would consider an argument that <u>the concept</u> of a multi-dimensional rule was supported in the specification. The Examiner expressed a willingness to consider such arguments and suggested that an identification of support for the phrase should be included in the record. Mr. Tillander pointed out that support in the specification for the phrase "multi-dimensional rule" had been identified, for example, on page 8, of the previously filed amendment (Amendment A, filed May 21, 2013).

In addition to expressing a willingness to consider arguments that the phrase "multi-dimensional rule" was supported in the specification, the Examiner expressed a willingness to consider proposed alternatives to including the phrase "multi-dimensional

7

rule" in the claims. Additionally, the Examiner indicated that dependent **claim 6** appeared to include allowable subject matter and suggested amending the independent claims to include the subject matter of **claim 6**.

Later that day, Mr. Tillander transmitted a follow-up e-mail proposing simply deleting the word "multi-dimensional" from the claims.

On or about, August 5, 2013, Mr. Tillander called the Examiner and asked if the Examiner had received the follow-up email. The Examiner indicated that he had received the email, but that he had not had an opportunity to consider it. The Examiner proposed a further discussion be held the following day. Mr. Tillander agreed.

On or about, August 6, 2013 the Examiner called Mr. Tillander and indicated that deleting the word "multi-dimensional" would overcome the present rejections. The Examiner also suggested that such an amendment might raise new issues.

While it was understood that **claims 1, 8, 17, 26** and **27** included the objected to phrase, no particular claims (other than **claim 6**) were discussed. No other agreements were reached.

### The Claims Comply with the Written Description Requirement

**Claims 1 – 9, 17 – 23** and **25 – 28** were rejected under 35 USC §112, first paragraph, for allegedly failing to comply with the written description requirement.

In an effort to support this rejection, the Office Action alleges that the phrase "multi-dimensional rule" included in **claims 1, 8, 17, 26** and **27** by amendment, in the previously filed paper, is "neither disclosed nor fairly suggested in the originally filed specification."

**However**, it is respectfully submitted that the phrase "multi-dimensional rule" <u>is</u> fairly suggested in the originally filed specification. For instance, it is respectfully submitted that the multi-dimensional nature of the rule is supported throughout the specification, including, for example the **paragraphs 41 – 51** and **126 - 128** as the paragraphs are numbered in the published version of the application (US 2012/0106722 AI), text of which is provided below with some bolding and underlinging for emphasis:

[0041] Said sponsorship database 205 contains at least one **sponsorship rule SR** that

8

defines the terms of sponsorship between a sponsor and said first user **for example depending on:**

**[0042]** A fourth identifier of an originator of said communication service, e.g. the local, national or international phone number of said first user device 101,

**[0043]** A fifth identifier of a recipient of said communication service, e.g. the local, national or international phone number of said second user device 102,

**[0044] A type of service**, e.g. voice, SMS, MMS, data, content,

**[0045] A user location**, e.g. geographic area or radio cell for example of said first user device **101** or said second user device 102,

**[0046] A direction of said communication** service, e.g. outgoing call or SMS, incoming call or SMS, roaming call or SMS,

**[0047] A third information** about the time said communication service is requested or provided, e.g. day of week, time of day,

**[0048] A payment type**, e.g. prepaid, post-paid, or

**[0049] A priority information** with respect to other sponsorship rules SR.

**[0050] The list given above is not exhaustive. Additionally** or alternatively said at least one sponsorship rule SR **can** for example also **depend on any other information** available about said communication service, said user, said sponsor or said telecommunications network 103.

**[0051]** For example said at least one sponsorship rule SR reflects the parties bound by and the terms of a business agreement. The sponsorship rule SR, for example contains information about **who sponsors, who is sponsored**, and **what type of service is sponsored**...

[0126] **Another embodiments** of said invention include sponsorship rules SR that allow said balance management server 201 to determine a sponsored usage of said service by **means of location** of said user. To that end said balance management server 201 is adapted to determine said location for example from said first identifier, e.g. the phone number of the first user device 101 used by said user. This is particularly advantageous in case a government agency acts as sponsor for example for all phone **calls made from a certain geographic** area.

WSOU_460_8625758-0000612

[0127] Also said at least one sponsorship rule can be used to enable said service provider to charge for example higher costs to said sponsor, than to said user, for example to cover the cost of said service provider for providing said sponsorship service.

[0128] **Several of said at least one sponsorship rule SR mentioned above can be combined in many ways flexibly to create new sponsorship rules**.

It is respectfully submitted that each of the listed aspects is an example dimension or parameter of embodiments of the rule. Since there are plural aspects or parameters, the rule is multi-dimensional. In the given example described begging with paragraph 41 above, the output of the rule can be a function of the identity of the communication originator, identity of the communication recipient, the **type of service**, the user **location**, the **direction** of the communication (e.g., incoming or outgoing) and so on.

It is noted that some of these aspects, parameters or dimensions of the rule were referenced in association with a reference to paragraphs 42 – 50 in the explanation of the phrase "multi-dimensional" provided on **page 8 of the previously filed Amendment** (Amendment A, filed on or about May 21, 2013).

**Nevertheless**, <u>in the interest of compact prosecution</u>, **<u>the claims are being amended</u>** and no longer refer to "a multi-dimensional rule." **Instead**, independent **claims 1, 8, 17, 26** and **27** now refer to **a rule**, for charging a sponsor of said communication service at least a portion of total charges for the communication service **based on a plurality of parameter values including** at least one respective value of at least one respective parameter <u>other than</u> an identity of an originator of a request for the communication service, an intended recipient of a communication of the requested communication service and an identity of the sponsor.

It is respectfully submitted that this new wording of **claims 1, 8, 17, 26** and **27** is <u>supported throughout the specification</u> including paragraphs 41 – 51 and 126 – 128 identified and discussed above in regard to the phrase "multi-dimensional rule."

The subject claims previously indicated that the "multi-dimensional rule" was

10

WSOU_460_8625758-0000613

**based at least on** at least one respective value of at least one respective parameter <u>other than</u> an identity of an originator of a request for the communication service, an intended recipient of a communication of the requested communication service and an identity of the sponsor.

Accordingly, it is respectfully submitted that given the discussion of the phrase "multi-dimensional rule" found on **page 8 of the previous amendment**, the deletion of the word "<u>multi-dimensional</u>" and the insertion of the phrase indicating that the rule is: -- <u>based on a plurality of parameter values</u> including --, and the other related minor changes to the independent claims **do not change the scope of the claims** and **do not raise new issues**.

Additionally, it is respectfully submitted that <u>given the subject rejection under 35 USC §112, first paragraph</u>, and the discussion of the phrase "multi-dimensional rule" found on page 8 of the previous amendment, <u>such an amendment should reasonably have been expected</u>, as is discussed in **MPEP §706.07(a)**.

Accordingly, **entry of the amendment and reconsideration are respectfully requested**.

For at least the forgoing reasons, **claims 1 – 9, 17 – 23** and **25 – 28** comply with the written description requirement and withdrawal of the rejections of **claims 1 – 9, 17 – 23** and **25 – 28** under 35 USC §112, first paragraph, is respectfully requested.

<u>**Telephone Interview**</u>

In the interests of advancing this application to issue the Examiner is invited to telephone the undersigned to discuss the foregoing or any suggestions that the Examiner may have to place the case in condition for allowance.

11

WSOU_460_8625758-0000614