# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, *Plaintiff*, | § § § § § § § § § § § § § § | CIVIL ACTION 6:20-cv-00454-ADA CIVIL ACTION 6:20-cv-00455-ADA CIVIL ACTION 6:20-cv-00456-ADA CIVIL ACTION 6:20-cv-00457-ADA CIVIL ACTION 6:20-cv-00458-ADA CIVIL ACTION 6:20-cv-00459-ADA CIVIL ACTION 6:20-cv-00460-ADA CIVIL ACTION 6:20-cv-00461-ADA CIVIL ACTION 6:20-cv-00462-ADA CIVIL ACTION 6:20-cv-00463-ADA CIVIL ACTION 6:20-cv-00464-ADA CIVIL ACTION 6:20-cv-00465-ADA |
| v. | | |
| MICROSOFT CORPORATION, *Defendant*. | | |

**PLAINTIFF'S RULE 26(A) INITIAL DISCLOSURES**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("WSOU") submits the following Rule 26 Initial Disclosures (the "Disclosures"). These Disclosures are without any concession, agreement, admission, or waiver of any ultimate determination of relevance, admissibility, or discoverability of particular information for any purpose, and without waiver of any attorney-client, work product, or other privilege or immunity. WSOU makes these Disclosures based on presently available information, without the benefit of discovery.

The following patents are asserted in the cases captioned above: U.S. Patent Nos. 7,366,160 (the "'160 Patent"), 9,814,988 (the "'988 Patent"), 7,676,550 (the "'550 Patent"), 8,965,978 (the "'978 Patent"), 7,388,868 (the "'868 Patent"), 7,750,286 (the "'286 Patent"), 8,625,758 (the "'758 Patent"), 7,106,702 (the "'702 Patent"), 7,106,727 (the "'727 Patent"), 8,226,241 (the "'241 Patent"), 7,706,519 (the "'519 Patent"), 8,274,902 (the "'902 Patent") (collectively, the "Asserted Patents"). To the extent the Court construes the claims of the Asserted Patents, additional

arguments and/or information may be relevant in light of any such construction. WSOU therefore reserves the right to supplement and/or amend these Disclosures at any time in view of the Court's construction, in view of any new information learned during discovery, and/or for any other reason permissible under the applicable Federal and Local Rules.

The Defendant in the cases captioned above is Microsoft Corporation ("Defendant").

**I.     Rule 26(a)(1)(A)(i): Persons with Discoverable Information**

| Name | Contact Information (if known by WSOU) | Subject(s) |
|---|---|---|
| Matt Hogan, | Contact through WSOU's counsel. | Knowledge concerning WSOU's business development, documents, and employees. |
| Craig Etchegoyen, | Contact through WSOU's counsel. | Chairman at WSOU with knowledge of WSOU's licensing practices. |
| Stuart Shanus, | Contact through WSOU's counsel. | President of WSOU with knowledge of WSOU's licensing practices. |
| Representatives and employees of Microsoft | Contact through Microsoft's counsel. | Operation of accused products, information relating to calculation of damages, information relating to Microsoft's infringement. |
| All individuals identified in the Initial Disclosures filed by Defendant in the cases captioned above | *See* Defendant's Initial Disclosures | *See* Defendant's Initial Disclosures |
| All individuals and corporations identified in a third-party subpoena issued by any party | *See* notices of subpoenas to third parties | *See* notices of subpoenas to third parties |

WSOU anticipates that it will become aware of additional persons during the course of discovery. WSOU believes these additional persons will include employees and former employees of Defendant, Defendant's technology vendors and suppliers, customers of Defendant, and other entities or individuals who have formed business relationships with Defendant. WSOU also

expects to rely upon expert testimony and will disclose any such experts as required by the Scheduling Order. WSOU reserves the right to amend these Disclosures for any of the reasons detailed above.

## II.     Rule 26(a)(1)(A)(ii): Documents and Things

WSOU anticipates that it will become aware of additional persons during the course of discovery. WSOU believes these additional persons will include employees and former employees of Defendant, Defendant's technology vendors and suppliers, customers of Defendant, and other entities or individuals who have formed business relationships with Defendant. WSOU also expects to rely upon expert testimony and will disclose any such experts as required by the Scheduling Order. WSOU reserves the right to amend these Disclosures for any of the reasons detailed above.

1. The Asserted Patents and their file histories.
2. Conception and reduction to practice of the inventions claimed in the Asserted Patents.
3. Documents relating to the factual allegations referenced in WSOU's Complaint.
4. Documents relating to WSOU's ownership of the Asserted Patents.
5. Documents relating to agreements involving the Asserted Patents.
6. Documents relating to the design, development, structure, function, and operation of the Accused Products.
7. Documents relating to Defendant's knowledge of the Asserted Patents.
8. Documents relating to Defendant's infringing conduct.
9. Documents relating to Defendant's sales, licensing, and marketing of the Accused Products.

10. Financial documents relating to the sales/licensing of the Accused Products.

11. License agreements relating to the Asserted Patents and the Accused Products.

12. Documents relating to secondary considerations of nonobviousness, including commercial success, long felt need, and failure of others.

13. Documents, materials, and other information sought in any discovery requests WSOU serves on Defendant or any third party.

### III.   Rule 26(a)(1)(A)(iii): Damages

WSOU seeks damages adequate to compensate it for Defendant's infringement of the Asserted Patents, which in any event shall be no less than a reasonable royalty for Defendant's use of the patented inventions, together with interest and costs as fixed by the Court. In addition, these damages should be enhanced pursuant to 35 U.S.C. § 284. WSOU also seeks costs and attorneys' fees and such other relief as the Court deems appropriate. The amount of WSOU's damages, fees, and costs and the amount of any other relief that may be deemed appropriate is not ascertainable at this time. WSOU will be relying on a damages expert in support of its claim.

### IV.   Rule 26(a)(1)(A)(iv): Indemnity and Insurance Agreements

WSOU is not aware of any insurance agreement for which an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. WSOU reserves the right to amend these Disclosures based on its investigation and information obtained in discovery.

DATED:  March 24, 2021  Respectfully submitted,

 /s/ Ryan S. Loveless
James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Travis L. Richins
Texas State Bar No. 24061296
Brett A. Mangrum
Texas State Bar No. 24065671
Jeffrey Huang
**ETHERIDGE LAW GROUP, PLLC**
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Travis@EtheridgeLaw.com
Brett@EtheridgeLaw.com
JeffH@EtheridgeLaw.com

Mark D. Siegmund
State Bar No. 24117055
mark@waltfairpllc.com
**LAW FIRM OF WALT, FAIR PLLC**
1508 North Valley Mills Drive
Waco, Texas 76710
Telephone: (254) 772-6400
Facsimile: (254) 772-6432

*Counsel for Plaintiff WSOU Investments, LLC*

### CERTIFICATE OF SERVICE

A true and correct copy of the foregoing instrument was served via email to all counsel of record on March 24, 2021.

 /s/ Ryan S. Loveless
  Ryan S. Loveless