# EXHIBIT K.1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 6:20-cv-00454<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S SECOND AMENDED INITIAL DISCLOSURES**
**PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendant Microsoft Corporation ("Microsoft") provides these initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). Discovery or other investigations are ongoing and may reveal or disclose additional or different information. Microsoft has not completed its investigation and expressly reserves the right to supplement, clarify, and/or modify these disclosures under Rule 26(e) either formally or informally through the normal course of discovery (e.g., by producing documents, responding to interrogatories, or producing witnesses at depositions) to the extent required or permitted by the Federal Rules of Civil Procedure and the Local Rules.

Nothing in these initial disclosures shall constitute a waiver of any claim or defense, whether procedural or substantive, including without limitation any claim or defense as to the sufficiency of the amended complaint, any applicable privilege or immunity, and the right to object to discovery requests that are not relevant and proportional to the needs of the case. Nothing in

these initial disclosures shall constitute an admission or concession on the part of Microsoft with respect to any issues of fact or law.

### A. Individuals Likely to Have Discoverable Information that Microsoft May Use to Support Its Claims or Defenses

Based upon information reasonably available to Microsoft at the present time, Microsoft identifies the following individuals it believes are likely to have discoverable information that Microsoft may use to support its claims and/or defenses in this action. There may be currently unknown individuals with discoverable information. Microsoft reserves the right to amend or supplement the list of individuals following further investigation and discovery. Microsoft may also rely on witnesses and documents disclosed by Plaintiff WSOU Investments, LLC, d/b/a/ Brazos Licensing and Development ("WSOU") in its disclosure or in the course of the discovery process.

Below, Microsoft provides the last known address and telephone number or other designated contact information for each individual it believes has such information. All persons with contact information listed as Microsoft Corporation are current or former employees of, or consultants to, Microsoft. As a result, Microsoft holds certain attorney-client privilege rights related to actions and communications of such persons. Microsoft does not consent to or authorize WSOU or WSOU's representatives to communicate with Microsoft's current or former employees or consultants. All communications with these individuals should be made only through counsel of record for Microsoft in this action. In making these disclosures, Microsoft does not waive its right to object, pursuant to any applicable Federal Rule of Civil Procedure or Local Rule, to the deposition or trial testimony of any of the individuals listed below or production of any document or tangible thing in the possession of these individuals on the basis of privilege, relevance, or any other valid ground:

Defendant's Second Amended Initial Disclosures
Civil Action No. 6:20-cv-00454 ('160 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Amit Kumar | Counsel for Microsoft | Knowledge of the design, development, and operation of Azure Monitor. |
| Anirudh Cavale | Counsel for Microsoft | Knowledge of the design, development, and operation of Azure Monitor. |
| Gabe Wishnie | Counsel for Microsoft | Knowledge of the design, development, and operation of Azure Monitor. |
| Rachel Lemberg | Counsel for Microsoft | Knowledge of the design, development, and operation of dynamic thresholds. |
| Vijay Kumar | Counsel for Microsoft | Knowledge of marketing of the accused products/services. |
| Kathryn Griffith | Counsel for Microsoft | Knowledge of Microsoft's accounting systems and financial information relating to the accused products/services. |
| Craig Etchegoyen, Chairman and Founder of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Aaron Garvey, Head of Finance at WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, WSOU's financial information, and/or any alleged practice of the Patent-in-Suit. |
| Stuart A. Shanus, President of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior owner of the Patent-in-Suit Wade & Co., prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Matt Hogan, Business Development Managing Director of Business | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the |

Defendant's Second Amended Initial Disclosures
Civil Action No. 6:20-cv-00454 ('160 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Development for WSOU | | relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit |
| Alcatel Lucent | 148/152 route de la Reine Boulogne-Billancourt, Ile-de-France 92100 France | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| BP Funding Trust, Series SPL-VI c/o Basepoint Administrative, LLC | 500 Delaware Avenue, 11th Floor Wilmington, DE 19801 United States 302-888-5813 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia Solutions and Networks BV | Antareslaan 1 Hoofddorp 2132 JE Netherlands | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia Technologies Oy | Karaportti 3 Espoo, Uusimaa 02610 Finland | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| OCO Opportunities Master Fund, L.P., (f/k/a Omega Credit Opportunities Master Fund LP) | 810 7th Avenue, 33rd Floor New York, NY 10019 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Orange Holdings | 502 North Division Street Carson City, NV, 89703 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Wade and Company | 17 Prince Arthur Toronto, Ontario, M5R IG4, Canada | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WCFT Cayman Ltd. | Unknown | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in- |

| Name | Contact Information | Subject |
|---|---|---|
| | | Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WSOU Holdings, LLC | 16192 Coastal Highway Lewes, Delaware, 19958 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Emmanuel Marily | Nokia Bell Labs, Site Nokia Paris-Saclay, France Route de Villejust, 91620 Nozay, France | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Stéphane Betge-Brezetz | Nokia Bell Labs, Site Nokia Paris-Saclay, France Route de Villejust, 91620 Nozay, France | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Olivier Martinot | Telecom SudParis, Courcouronnes FR, 9 Rue Charles Fourier, 91000, France | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Erick J. Palmer | Mayer Brown 71 South Wacker Drive Chicago, IL 60606 312-782-0600 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Mark E. Wallerson | NSIP Law 1120 Connecticut Ave, NW, Suite 304 Washington, DC 20036 202-429-0020 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating |

5

Defendant's Second Amended Initial Disclosures
Civil Action No. 6:20-cv-00454 ('160 Patent)

| Name | Contact Information | Subject |
|------|--------------------|---------|
| | | thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| David J. Cushing | Sughrue Mion PLLC 2000 Pennsylvania Ave. NW Washington, District of Columbia 20006 202-293-7060 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| BMC Software, Inc. | 2103 CityWest Boulevard Houston, Texas 77042 800-793-4262 | Knowledge of the prior art. |
| International Business Machine Corporation | 1 New Orchard Road Armonk, NY 10504 914-499-1900 | Knowledge of the prior art including that obtained through its acquisition of Micromuse Inc. |
| Moogsoft Inc. | 1160 Battery Street East, 1st Floor San Francisco, CA 94111 415-738-2299 | Knowledge of the prior art. |
| NeTrue Communications, Inc. | 1400 N Harbor Blvd Suite 601 Fullerton, CA 92835 | Knowledge of the prior art. |
| Netpredict, Inc. | 1010 El Camino Real, Suite 300 Menlo Park, CA 94025 | Knowledge of the prior art. |
| Oracle Corporation | 2300 Oracle Way Austin, TX 78741 650-506-7000 | Knowledge of the prior art including that obtained through its acquisition of Sun Microsystems, Inc. |
| Cisco Systems, Inc. | 170 West Tasman Dr., San Jose, CA 95134 408-526-4000 | Knowledge of the prior art. |

This disclosure is submitted with the understanding and belief that, at all times, the

knowledge and information held by potential witnesses identified for a given subject may vary.  It

Defendant's Second Amended Initial Disclosures
Civil Action No. 6:20-cv-00454 ('160 Patent)

also may be learned, as discovery proceeds and issues in this action unfold, that one or more individuals may be more knowledgeable about relevant facts and issues than other individuals.  By indicating the general subject matter as to which Microsoft now believes a given individual may be knowledgeable, Microsoft is in no way limiting its right to call that individual to testify at trial or at deposition concerning other subjects.

Other individuals not specifically known to Microsoft at this time may possess relevant information, particularly information related to the non-infringement, unenforceability, and/or invalidity of the Patent-in-Suit and any related domestic or foreign applications or patents.  Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patent-in-Suit; (b) individuals having knowledge or any prior art use, sale offer for sale, or invention relevant to the subject matter of the Patent-in-Suit; (c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions of the Patent-in-Suit pertain; (d) individuals having knowledge of any declarations, commitments, or encumbrances involving the Patent-in-Suit; (e) individuals having knowledge of any licenses to the Patent-in-Suit, any negotiations to license the Patent-in-Suit, any offers to license the Patent-in-Suit, or any refusal to license the Patent-in-Suit;  (f) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patent-in-Suit; (g) individuals having knowledge of the alleged inventorship, ownership or rights in the Patent-in-Suit and/or the subject matter of the Patent-in-Suit; (h) individuals having knowledge of the operation and development of the accused products, including employees of Microsoft; and (i) and individuals having knowledge of the financial information, sales, and marketing related to the accused products. Because discovery, investigation, and analysis of this matter are ongoing, Microsoft reserves its right to supplement this information if additional

Defendant's Second Amended Initial Disclosures
Civil Action No. 6:20-cv-00454 ('160 Patent)

information later becomes known and to designate and/or call further witnesses at trial.  Microsoft also reserves the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information relevant to the disputed facts.

**B.      Relevant Documents and Tangible Things**

Based upon information reasonably available to Microsoft at the present time, Microsoft expects that it may use the following categories of documents, data compilations, and tangible things that are in its possession, custody or control to support its claims and/or defenses to counterclaims, unless solely for impeachment.  These disclosures do not constitute admissions as to the relevance or admissibility of the identified materials or a waiver of any attorney-client privilege, work product protection or other applicable protection or immunity.

1.      Documents related to the prior art to the Patent-in-Suit or non-enforceability of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

2.      Documents related to the design and operation of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

3.      Documents relating to financial data pertaining to Microsoft's accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

4.      Documents relating to the marketing of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

5.      Publicly available documents relating to the prosecution of the Patent-in-Suit or any related patents or patent applications, including publicly available copies of the Patent-in-Suit and its file history (offices of Microsoft's outside counsel in Chicago, Illinois).

Defendant's Second Amended Initial Disclosures
Civil Action No. 6:20-cv-00454 ('160 Patent)

6.      Publicly available documents relating to the sale, license, or assignment of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

Pursuant to its investigation to date, Microsoft is not currently aware of any Microsoft non-custodial data sources that contain non-duplicative discoverable information.  Microsoft expressly reserves the right to identify any Microsoft non-custodial data sources if such additional documents and information become known and are discovered.  In support of its claims, Microsoft may also rely on documents produced by Defendant pursuant to Federal Rule of Civil Procedure 34 and/or documents produced by non-parties pursuant to Federal Rule of Civil Procedure 45.

### C.      Damages

Microsoft may seek its expenses, costs, and attorney's fees incurred in connection with this action as well as any other relief as the Court deems proper and equitable.

### D.      Insurance Agreements

Microsoft, like other corporate entities, has a complex commercial insurance program involving many types of coverage and multiple layers/participants. Given the fact that Microsoft has sufficient assets to cover the alleged damages at issue in this litigation, information about Microsoft's confidential insurance program is not relevant here.

Respectfully submitted,

Date: September 30, 2021

/s/ Richard A. Cederoth
Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

9
Defendant's Second Amended Initial Disclosures
Civil Action No. 6:20-cv-00454 ('160 Patent)

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*

Defendant's Second Amended Initial Disclosures
Civil Action No. 6:20-cv-00454 ('160 Patent)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 30, 2021 by e-mail to all counsel of record.


<u>/s/ Richard A. Cederoth</u>
Richard A. Cederoth

Defendant's Second Amended Initial Disclosures
Civil Action No. 6:20-cv-00454 ('160 Patent)

# EXHIBIT K.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 6:20-cv-00457<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S AMENDED INITIAL DISCLOSURES**
**PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendant Microsoft Corporation ("Microsoft") provides these amended initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  The information set forth below is preliminary and fact discovery is ongoing.  Discovery or other investigation in the future may reveal or disclose additional or different information.  Microsoft has not completed its investigation and expressly reserves the right to supplement, clarify, and/or modify these disclosures under Rule 26(e) either formally or informally through the normal course of discovery (e.g., by producing documents, responding to interrogatories, or producing witnesses at depositions) to the extent required or permitted by the Federal Rules of Civil Procedure and the Local Rules.

Nothing in these initial disclosures shall constitute a waiver of any claim or defense, whether procedural or substantive, including without limitation any claim or defense as to the sufficiency of the complaint, any applicable privilege or immunity, and the right to object to discovery requests that are not relevant and proportional to the needs of the case.  Nothing in these

1

initial disclosures shall constitute an admission or concession on the part of Microsoft with respect to any issues of fact or law.

### A.      Individuals Likely to Have Discoverable Information that Microsoft May Use to Support Its Claims or Defenses

Based upon information reasonably available to Microsoft at the present time, Microsoft identifies the following individuals it believes are likely to have discoverable information that Microsoft may use to support its claims and/or defenses in this action.  There may be currently unknown individuals with discoverable information.  Microsoft reserves the right to amend or supplement the list of individuals following further investigation and discovery.  Microsoft may also rely on witnesses and documents disclosed by Plaintiff WSOU Investments, LLC, d/b/a/ Brazos Licensing and Development ("WSOU") in its disclosure or in the course of the discovery process.

Below, Microsoft provides the last known address and telephone number or other designated contact information for each individual it believes has such information.  All persons with contact information listed as Microsoft Corporation are current or former employees of, or consultants to, Microsoft.  As a result, Microsoft holds certain attorney-client privilege rights related to actions and communications of such persons.  Microsoft does not consent to or authorize WSOU or WSOU's representatives to communicate with Microsoft's current or former employees or consultants.  All communications with these individuals should be made only through counsel of record for Microsoft in this action.  In making these disclosures, Microsoft does not waive its right to object, pursuant to any applicable Federal Rule of Civil Procedure or Local Rule, to the deposition or trial testimony of any of the individuals listed below or production of any document or tangible thing in the possession of these individuals on the basis of privilege, relevance, or any other valid ground:

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00457 ('978 Patent)

| Name | Contact Information | Subject |
|------|--------------------|---------| 
| Keith Kline | Counsel for Microsoft | Knowledge of design and operation of the accused products/services, knowledge of the prior art. |
| Jeff Gattis | Counsel for Microsoft | Knowledge of marketing of the accused products/services. |
| Tony Chen | Counsel for Microsoft | Knowledge of Microsoft's development of earlier products, knowledge of the prior art. |
| Justin Brown | Counsel for Microsoft | Knowledge of Microsoft's development of earlier products, knowledge of the prior art. |
| Kathryn Griffith | Counsel for Microsoft | Knowledge of Microsoft's accounting systems and financial information relating to the accused products/services. |
| Craig Etchegoyen, Chairman and Founder of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Aaron Garvey, Head of Finance at WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, WSOU's financial information, and/or any alleged practice of the Patent-in-Suit. |
| Stuart A. Shanus, President of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior owner of the Patent-in-Suit Wade & Co., prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Matt Hogan, Business Development | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior |

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00457 ('978 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Managing Director of Business Development for WSOU | | art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Alcatel Lucent | 148/152 route de la Reine Boulogne-Billancourt, Ile-de-France 92100 France | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Alcatel-Lucent USA Inc. (a/k/a Nokia of America Corporation) | 600-700 Mountain Avenue Murray Hill, New Jersey 07974-0636 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Credit Suisse AG | Eleven Madison Avenue New York, NY 10010 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Lucent Technologies Inc. | PO Box 636, 600 Mountain Avenue Murray Hill, New Jersey 07974-0636 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WSOU Investments, LLC | 605 Austin Ave, Suite 6 Waco, Texas 76701 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Aqua Licensing LLC | 201 Mission, Suite 1200 San Francisco, CA 94105 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00457 ('978 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Girish P. Chandranmenon | Nokia Bell Labs, 600 Mountain Avenue, Murray Hill, NJ 07974-0636 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Fang Hao | Lucent Technologies, Bell Labs, Bell Labs, 791 Holmdel Road, Holmdel, NJ 07733 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Scott C. Miller | Nokia Bell Labs, Bell Labs, 791 Holmdel Road, Holmdel, NJ 07733 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Sarit Mukherjee | Nokia Bell Labs, Bell Labs, 791 Holmdel Road, Holmdel, NJ 07733 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Tejas Naik | Ernst & Young, 100 North Tryon Street, Suite 3800, Charlotte, NC 28202 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| John E. Curtin | The Capitol Patent & Trademark Law Firm, PLLC (CAPPAT) 625 Slaters Lane, 4th Floor Alexandria, Virginia 22314 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, |

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00457 ('978 Patent)

| Name | Contact Information | Subject |
|------|---------------------|---------|
| | | conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Ray Heflin | Capitol City TechLaw (Virginia) 344 Maple Avenue West, #333 Vienna, VA 22180 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Bungie | 550 106th Avenue NE #207 Bellevue, WA 98004 | Knowledge of the prior art. |
| EA Sports/ Electronic Arts | 209 Redwood Shores Parkway Redwood City, CA 94065 | Knowledge of the prior art. |
| Epic Games | 620 Crossroads Blvd. Cary, NC 27518 | Knowledge of the prior art. |
| Microsoft Corporation | One Microsoft Way Redmond, WA 98052 Contact through Counsel for Microsoft | Knowledge of the prior art. |
| Raven Software | 8496 Greenway Blvd Middleton, Wisconsin, 53562 | Knowledge of the prior art. |
| Sega of America, Inc. | 6400 Oak Canyon, Suite 100 Irvine, CA 92618 | Knowledge of the prior art |
| Sony | 1-7-1 Konan Minato-ku Tokyo, 108-0075 Japan | Knowledge of the prior art. |
| Ubisoft | 28 rue Armand Carrel 93108 Montreuil-sous-Bois, France | Knowledge of the prior art. |

This disclosure is submitted with the understanding and belief that, at all times, the knowledge and information held by potential witnesses identified for a given subject may vary. It

6

also may be learned, as discovery proceeds and issues in this action unfold, that one or more individuals may be more knowledgeable about relevant facts and issues than other individuals. By indicating the general subject matter as to which Microsoft now believes a given individual may be knowledgeable, Microsoft is in no way limiting its right to call that individual to testify at trial or at deposition concerning other subjects.

Other individuals not specifically known to Microsoft at this time may possess relevant information, particularly information related to the non-infringement, unenforceability, and/or invalidity of the Patent-in-Suit and any related domestic or foreign applications or patents. Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patent-in-Suit; (b) individuals having knowledge or any prior art use, sale offer for sale, or invention relevant to the subject matter of the Patent-in-Suit; (c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions of the Patent-in-Suit pertain; (d) individuals having knowledge of any declarations, commitments, or encumbrances involving the Patent-in-Suit; (e) individuals having knowledge of any licenses to the Patent-in-Suit, any negotiations to license the Patent-in-Suit, any offers to license the Patent-in-Suit, or any refusal to license the Patent-in-Suit; (f) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patent-in-Suit; (g) individuals having knowledge of the alleged inventorship, ownership or rights in the Patent-in-Suit and/or the subject matter of the Patent-in-Suit; (h) individuals having knowledge of the operation and development of the accused products, including employees of Microsoft; and (i) and individuals having knowledge of the financial information, sales, and marketing related to the accused products. Because discovery, investigation, and analysis of this matter are ongoing, Microsoft reserves its right to supplement this information if additional

7

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00457 ('978 Patent)

information later becomes known and to designate and/or call further witnesses at trial.  Microsoft also reserves the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information relevant to the disputed facts.

**B.   Relevant Documents and Tangible Things**

Based upon information reasonably available to Microsoft at the present time, and subject to the entry of a suitable protective order for the protection of confidential information, Microsoft expects that it may use the following categories of documents, data compilations, and tangible things that are in its possession, custody or control to support its claims and/or defenses to counterclaims, unless solely for impeachment.  These disclosures do not constitute admissions as to the relevance or admissibility of the identified materials or a waiver of any attorney-client privilege, work product protection or other applicable protection or immunity.

1.   Documents related to the prior art to the Patent-in-Suit or non-enforceability of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

2.   Documents related to the design and operation of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

3.   Documents relating to financial data pertaining to Microsoft's accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

4.   Documents relating to the marketing of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

5.   Publicly available documents relating to the prosecution of the Patent-in-Suit or any related patents or patent applications, including publicly available copies of the Patent-in-Suit and its file history (offices of Microsoft's outside counsel in Chicago, Illinois).

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00457 ('978 Patent)

6.      Publicly available documents relating to the sale, license, or assignment of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

Pursuant to its investigation to date, Microsoft is not currently aware of any Microsoft non-custodial data sources that contain non-duplicative discoverable information. Microsoft expressly reserves the right to identify any Microsoft non-custodial data sources if such additional documents and information become known and are discovered. In support of its claims, Microsoft may also rely on documents produced by Defendant pursuant to Federal Rule of Civil Procedure 34 and/or documents produced by non-parties pursuant to Federal Rule of Civil Procedure 45.

## C.      Damages

Microsoft may seek its expenses, costs, and attorney's fees incurred in connection with this action as well as any other relief as the Court deems proper and equitable.

## D.      Insurance Agreements

Microsoft, like other corporate entities, has a complex commercial insurance program involving many types of coverage and multiple layers/participants. Given the fact that Microsoft has sufficient assets to cover the alleged damages at issue in this litigation, information about Microsoft's confidential insurance program is not relevant here.


                                                Respectfully submitted,

Date: August 30, 2021                           */s/ Richard A. Cederoth*
                                                Barry K. Shelton
                                                Texas State Bar No. 24055029
                                                SHELTON COBURN LLP
                                                311 RR 620 S, Suite 205
                                                Austin, TX 78734
                                                Telephone: (512) 263-2165
                                                Fax: (512) 263-2166
                                                bshelton@sheltoncoburn.com

                                Defendant's Amended Initial Disclosures
                                Civil Action No. 6:20-cv-00457 ('978 Patent)

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00457 ('978 Patent)

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on August 30, 2021 by e-mail to all counsel of record.


*/s/ Richard A. Cederoth*
Richard A. Cederoth

11

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00457 ('978 Patent)

# EXHIBIT K.3

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 6:20-cv-00460<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S AMENDED INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendant Microsoft Corporation ("Microsoft") provides these amended initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The information set forth below is preliminary and fact discovery is ongoing. Discovery or other investigation in the future may reveal or disclose additional or different information. Microsoft has not completed its investigation and expressly reserves the right to supplement, clarify, and/or modify these disclosures under Rule 26(e) either formally or informally through the normal course of discovery (e.g., by producing documents, responding to interrogatories, or producing witnesses at depositions) to the extent required or permitted by the Federal Rules of Civil Procedure and the Local Rules.

Nothing in these initial disclosures shall constitute a waiver of any claim or defense, whether procedural or substantive, including without limitation any claim or defense as to the sufficiency of the complaint, any applicable privilege or immunity, and the right to object to discovery requests that are not relevant and proportional to the needs of the case. Nothing in these

1

initial disclosures shall constitute an admission or concession on the part of Microsoft with respect to any issues of fact or law.

A.     **Individuals Likely to Have Discoverable Information that Microsoft May Use to Support Its Claims or Defenses**

Based upon information reasonably available to Microsoft at the present time, Microsoft identifies the following individuals it believes are likely to have discoverable information that Microsoft may use to support its claims and/or defenses in this action.  There may be currently unknown individuals with discoverable information.  Microsoft reserves the right to amend or supplement the list of individuals following further investigation and discovery.  Microsoft may also rely on witnesses and documents disclosed by Plaintiff WSOU Investments, LLC, d/b/a/ Brazos Licensing and Development ("WSOU") in its disclosure or in the course of the discovery process.

Below, Microsoft provides the last known address and telephone number or other designated contact information for each individual it believes has such information.  All persons with contact information listed as Microsoft Corporation are current or former employees of, or consultants to, Microsoft.  As a result, Microsoft holds certain attorney-client privilege rights related to actions and communications of such persons.  Microsoft does not consent to or authorize WSOU or WSOU's representatives to communicate with Microsoft's current or former employees or consultants.  All communications with these individuals should be made only through counsel of record for Microsoft in this action.  In making these disclosures, Microsoft does not waive its right to object, pursuant to any applicable Federal Rule of Civil Procedure or Local Rule, to the deposition or trial testimony of any of the individuals listed below or production of any document or tangible thing in the possession of these individuals on the basis of privilege, relevance, or any other valid ground:

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00460 ('758 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Ilja Petrov | Counsel for Microsoft | Knowledge of design and operation of the accused products/services. |
| Andrei Porovkin | Counsel for Microsoft | Knowledge of design and operation of the accused products/services. |
| Luis Carrasco | Counsel for Microsoft | Knowledge of marketing of the accused products/services. |
| Kathryn Griffith | Counsel for Microsoft | Knowledge of Microsoft's accounting systems and financial information relating to the accused products/services. |
| Craig Etchegoyen, Chairman and Founder of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Aaron Garvey, Head of Finance at WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, WSOU's financial information, and/or any alleged practice of the Patent-in-Suit. |
| Stuart A. Shanus, President of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior owner of the Patent-in-Suit Wade & Co., prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Matt Hogan, Business Development Managing Director of Business Development for WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00460 ('758 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Alcatel Lucent | 148/152 route de la Reine Boulogne-Billancourt, Ile-de-France 92100 France | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Alcatel-Lucent USA Inc. (currently known as Nokia of America Corporation) | 600-700 Mountain Avenue Murray Hill, New Jersey 07974-0636 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| BP Funding Trust, Series SPL-VI c/o Basepoint Administrative, LLC | 500 Delaware Avenue, 11th Floor Wilmington, DE 19801 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Credit Suisse AG | Eleven Madison Avenue New York, NY 10010 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia Solutions and Networks BV | Antareslaan 1 Hoofddorp 2132 JE Netherlands | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia Technologies Oy | Karaportti 3 Espoo, Uusimaa 02610 Finland | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| OCO Opportunities Master Fund, L.P., (f/k/a Omega Credit Opportunities Master Fund LP) | 810 7th Avenue, 33rd Floor New York, NY 10019 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Orange Holdings | 502 North Division Street Carson City, NV, 89703 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |

4

| Name | Contact Information | Subject |
|------|---------------------|---------|
| Wade and Company | 520 Newport Centre Boulevard Newport Beach, California 92660 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WCFT Cayman, Ltd. | Unknown | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WSOU Holdings, LLC | 16192 Coastal Highway<br><br>Lewes, Delaware, 19958 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Aqua Licensing LLC | 201 Mission, Suite 1200<br>San Francisco, California, 94105 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Yigang Cai | On information and belief, Naperville, IL | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Xiangyang Li | Alcatel-Lucent Shanghai Bell Enterprise Communications Co., Ltd., 3F, Building 1, No.525 Xizang (N) Rd., Shanghai, Shanghai, 200070, China | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Joseph D. Dreher | Fay Sharpe LLP The Halle Building 1228 Euclid Avenue, 5th Floor | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the |

5

| Name | Contact Information | Subject |
|---|---|---|
| | Cleveland, Ohio 44115-1843 | Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Thomas Tillander | Fay Sharpe LLP The Halle Building 1228 Euclid Avenue, 5th Floor Cleveland, Ohio 44115-1843 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| AT&T Mobility LLC (Cingular Wireless) | 1025 Lenox Park Blvd Northeast Atlanta, GA 30319 | Knowledge of the prior art. |
| Blyk Ltd | Tekniikantie 15, ESPOO 02150 Helsinki Finland | Knowledge of the prior art. |
| Microsoft Corporation | One Microsoft Way Redmond, WA 98052  Contact through Counsel for Microsoft | Knowledge of the prior art. |
| MobileSphere LLC (Slydial) | 7 Faneuil Hall Marketplace, 4th Floor Boston, MA 02109 | Knowledge of the prior art. |
| T-Mobile US Inc. (Sprint Corporation) | 12920 SE 38th Street Bellevue, WA 98006 | Knowledge of the prior art. |
| Vodafone Group plc | Vodafone House The Connection Newbury, RG14 2FN United Kingdom | Knowledge of the prior art. |
| Verizon Wireless Inc. | 1095 Avenue of the Americas New York, NY 10036 | Knowledge of the prior art. |

This disclosure is submitted with the understanding and belief that, at all times, the knowledge and information held by potential witnesses identified for a given subject may vary. It also may be learned, as discovery proceeds and issues in this action unfold, that one or more

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00460 ('758 Patent)

individuals may be more knowledgeable about relevant facts and issues than other individuals.  By indicating the general subject matter as to which Microsoft now believes a given individual may be knowledgeable, Microsoft is in no way limiting its right to call that individual to testify at trial or at deposition concerning other subjects.

Other individuals not specifically known to Microsoft at this time may possess relevant information, particularly information related to the non-infringement, unenforceability, and/or invalidity of the Patent-in-Suit and any related domestic or foreign applications or patents.  Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patent-in-Suit; (b) individuals having knowledge or any prior art use, sale offer for sale, or invention relevant to the subject matter of the Patent-in-Suit; (c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions of the Patent-in-Suit pertain; (d) individuals having knowledge of any declarations, commitments, or encumbrances involving the Patent-in-Suit; (e) individuals having knowledge of any licenses to the Patent-in-Suit, any negotiations to license the Patent-in-Suit, any offers to license the Patent-in-Suit, or any refusal to license the Patent-in-Suit; (f) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patent-in-Suit; (g) individuals having knowledge of the alleged inventorship, ownership or rights in the Patent-in-Suit and/or the subject matter of the Patent-in-Suit; (h) individuals having knowledge of the operation and development of the accused products, including employees of Microsoft; and (i) and individuals having knowledge of the financial information, sales, and marketing related to the accused products. Because discovery, investigation, and analysis of this matter are ongoing, Microsoft reserves its right to supplement this information if additional information later becomes known and to designate and/or call further witnesses at trial.  Microsoft

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00460 ('758 Patent)

also reserves the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information relevant to the disputed facts.

**B.      Relevant Documents and Tangible Things**

Based upon information reasonably available to Microsoft at the present time, Microsoft expects that it may use the following categories of documents, data compilations, and tangible things that are in its possession, custody or control to support its claims and/or defenses to counterclaims, unless solely for impeachment.  These disclosures do not constitute admissions as to the relevance or admissibility of the identified materials or a waiver of any attorney-client privilege, work product protection or other applicable protection or immunity.

1.      Documents related to the prior art to the Patent-in-Suit or non-enforceability of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

2.      Documents related to the design and operation of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

3.      Documents relating to financial data pertaining to Microsoft's accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

4.      Documents relating to the marketing of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

5.      Publicly available documents relating to the prosecution of the Patent-in-Suit or any related patents or patent applications, including publicly available copies of the Patent-in-Suit and its file history (offices of Microsoft's outside counsel in Chicago, Illinois).

6.      Publicly available documents relating to the sale, license, or assignment of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

Pursuant to its investigation to date, Microsoft is not currently aware of any Microsoft non-custodial data sources that contain non-duplicative discoverable information.  Microsoft expressly reserves the right to identify any Microsoft non-custodial data sources if such additional documents and information become known and are discovered.  In support of its claims, Microsoft may also rely on documents produced by Defendant pursuant to Federal Rule of Civil Procedure 34 and/or documents produced by non-parties pursuant to Federal Rule of Civil Procedure 45.

### C. Damages

Microsoft may seek its expenses, costs, and attorney's fees incurred in connection with this action as well as any other relief as the Court deems proper and equitable.

### D. Insurance Agreements

Microsoft, like other corporate entities, has a complex commercial insurance program involving many types of coverage and multiple layers/participants. Given the fact that Microsoft has sufficient assets to cover the alleged damages at issue in this litigation, information about Microsoft's confidential insurance program is not relevant here.

9

Respectfully submitted,

Date: August 23, 2021

*/s/ Richard A. Cederoth*
Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

*Attorneys for Defendant Microsoft Corporation*

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00460 ('758 Patent)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on August 23, 2021 by e-mail to all counsel of record.


*/s/ Richard A. Cederoth*
Richard A. Cederoth

11

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00460 ('758 Patent)

# EXHIBIT K.4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>       Plaintiff,<br><br>       v.<br><br>MICROSOFT CORPORATION,<br><br>       Defendant. | Civil Action No. 6:20-cv-00461<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S SECOND AMENDED INITIAL DISCLOSURES**
**PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendant Microsoft Corporation ("Microsoft") provides these second amended initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The information set forth below is preliminary and does not reflect any discovery obtained in this action from Plaintiff or third parties. Discovery or other investigation in the future may reveal or disclose additional or different information. Microsoft has not completed its investigation and expressly reserves the right to supplement, clarify, and/or modify these disclosures under Rule 26(e) either formally or informally through the normal course of discovery (e.g., by producing documents, responding to interrogatories, or producing witnesses at depositions) to the extent required or permitted by the Federal Rules of Civil Procedure and the Local Rules.

Nothing in these initial disclosures shall constitute a waiver of any claim or defense, whether procedural or substantive, including without limitation any claim or defense as to the sufficiency of the complaint, any applicable privilege or immunity, and the right to object to discovery requests that are not relevant and proportional to the needs of the case. Nothing in these

1

initial disclosures shall constitute an admission or concession on the part of Microsoft with respect to any issues of fact or law.

**A.      Individuals Likely to Have Discoverable Information that Microsoft May Use to Support Its Claims or Defenses**

Based upon information reasonably available to Microsoft at the present time, Microsoft identifies the following individuals it believes are likely to have discoverable information that Microsoft may use to support its claims and/or defenses in this action.  There may be currently unknown individuals with discoverable information.  Microsoft reserves the right to amend or supplement the list of individuals following further investigation and discovery.  Microsoft may also rely on witnesses and documents disclosed by Plaintiff WSOU Investments, LLC, d/b/a/ Brazos Licensing and Development ("WSOU") in its disclosure or in the course of the discovery process.

Below, Microsoft provides the last known address and telephone number or other designated contact information for each individual it believes has such information.  All persons with contact information listed as Microsoft Corporation are current or former employees of, or consultants to, Microsoft.  As a result, Microsoft holds certain attorney-client privilege rights related to actions and communications of such persons.  Microsoft does not consent to or authorize WSOU or WSOU's representatives to communicate with Microsoft's current or former employees or consultants.  All communications with these individuals should be made only through counsel of record for Microsoft in this action.  In making these disclosures, Microsoft does not waive its right to object, pursuant to any applicable Federal Rule of Civil Procedure or Local Rule, to the deposition or trial testimony of any of the individuals listed below or production of any document or tangible thing in the possession of these individuals on the basis of privilege, relevance, or any other valid ground:

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00461 ('702 Patent)

| Name | Contact Information | Subject |
|------|--------------------|---------| 
| Thiru Reddy | Counsel for Microsoft | Knowledge of the design  and operation of Windows Network Policy Server. |
| Bernard Aboba | Counsel for Microsoft | Knowledge of the design, development, and operation of the prior art Internet Authentication Server and RADIUS. |
| Vijay Kumar | Counsel for Microsoft | Knowledge of marketing of the accused products/services. |
| Jeff Woolsey | Counsel for Microsoft | Knowledge of marketing of the accused products/services. |
| Kathryn Griffith | Counsel for Microsoft | Knowledge of Microsoft's accounting systems and financial information relating to the accused products/services. |
| Craig Etchegoyen, Chairman and Founder of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Aaron Garvey, Head of Finance at WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, WSOU's financial information, and/or any alleged practice of the Patent-in-Suit. |
| Stuart A. Shanus, President of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior owner of the Patent-in-Suit Wade & Co., prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Matt Hogan, Business Development Managing Director of Business | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the |

3

| Name | Contact Information | Subject |
|---|---|---|
| Development for WSOU | | relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Alcatel Lucent | 148/152 route de la Reine Boulogne-Billancourt, Ile-de-France 92100 France | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Lucent Technologies Inc. | PO Box 636, 600 Mountain Avenue Murray Hill, New Jersey 07974-0636 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia of America Corporation (formerly Alcatel-Lucent USA Inc.) | 600-700 Mountain Avenue Murray Hill, New Jersey 07974-0636 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit; knowledge of the prior art including that obtained through its acquisition of Alcatel Lucent S.A. and Livingston Enterprises, Inc. |
| Nokia Solutions and Networks BV | Antareslaan 1 Hoofddorp 2132 JE Netherlands | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia Technologies Oy | Karaportti 3 Espoo, Uusimaa 02610 Finland | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit; knowledge of the prior art including that obtained through its acquisition of Alcatel Lucent S.A. and Livingston Enterprises, Inc. |
| OCO Opportunities Master Fund, L.P., (f/k/a Omega Credit | 810 7th Avenue, 33rd Floor New York, NY 10019 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, |

4

| Name | Contact Information | Subject |
|---|---|---|
| Opportunities Master Fund LP) | | prior art, and/or invalidity of the Patent-in-Suit. |
| Orange Holdings | 502 North Division Street Carson City, NV, 89703 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Wade and Company | 17 Prince Arthur Toronto, Ontario, M5R IG4, Canada | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WCFT Cayman Ltd. | Unknown | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WSOU Investments, LLC | 605 Austin Ave, Suite 6 Waco, Texas 76701 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Shiyan Hua | Alcatel-Lucent Enterprise (ALE USA, Inc.), 26801 Agoura Rd, Calabasas, CA 91301 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Ahmed N. Zaki | Alcatel-Lucent Enterprise (ALE USA, Inc.), 26801 Agoura Rd, Calabasas, CA 91301 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00461 ('702 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| John P. Cornely | Fay Sharpe LLP<br>The Halle Building<br>1228 Euclid Avenue,<br>5th Floor<br>Cleveland, Ohio 44115-1843 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Richard J. Minnich | Fay Sharpe LLP<br>The Halle Building<br>1228 Euclid Avenue,<br>5th Floor<br>Cleveland, Ohio 44115-1843 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Joseph D. Dreher | Fay Sharpe LLP<br>The Halle Building<br>1228 Euclid Avenue,<br>5th Floor<br>Cleveland, Ohio 44115-1843 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Interlink Networks Services LLC | 2531 Jackson Road, Suite 306<br>Ann Arbor, MI 48103-3818 | Knowledge of the prior art. |
| Merit Network, Inc. | 880 Technology Drive, Suite B<br>Ann Arbor, Michigan 48108-8963 | Knowledge of the prior art. |
| Micro Focus International plc | The Lawn<br>22-30 Old Bath Road<br>Newbury, Berkshire,<br>RG14 1QN, United Kingdom | Knowledge of the prior art including that obtained through its acquisition of Inprise Corporation, also known as Borland Software Corporation. |

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00461 ('702 Patent)

| Name | Contact Information | Subject |
|------|--------------------|---------| 
| Microsoft Corporation | One Microsoft Way Redmond, WA 98052<br><br>Contact through Counsel for Microsoft | Knowledge of the prior art. |
| Oracle Corporation | 2300 Oracle Way Austin, TX 78741 | Knowledge of the prior art including that obtained through its acquisition of Sun Microsystems, Inc. |
| Sony Corporation (and affiliates) | 1-7-1 Konan Minato-ku Tokyo, 108-0075 Japan | Knowledge of the prior art. |
| Telefonaktiebolaget LM Ericsson (and affiliates) | Torshamnsgatan 21 Stockholm, Sweden | Knowledge of the prior art. |
| Wind River Systems, Inc. | 500 Wind River Way Alameda, CA 94501 | Knowledge of the prior art. |

This disclosure is submitted with the understanding and belief that, at all times, the knowledge and information held by potential witnesses identified for a given subject may vary. It also may be learned, as discovery proceeds and issues in this action unfold, that one or more individuals may be more knowledgeable about relevant facts and issues than other individuals. By indicating the general subject matter as to which Microsoft now believes a given individual may be knowledgeable, Microsoft is in no way limiting its right to call that individual to testify at trial or at deposition concerning other subjects.

Other individuals not specifically known to Microsoft at this time may possess relevant information, particularly information related to the non-infringement, unenforceability, and/or invalidity of the Patent-in-Suit and any related domestic or foreign applications or patents. Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patent-in-Suit; (b) individuals having knowledge or any prior art use, sale offer for sale, or invention relevant to the subject matter of the Patent-in-Suit;

(c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions of the Patent-in-Suit pertain; (d) individuals having knowledge of any declarations, commitments, or encumbrances involving the Patent-in-Suit; (e) individuals having knowledge of any licenses to the Patent-in-Suit, any negotiations to license the Patent-in-Suit, any offers to license the Patent-in-Suit, or any refusal to license the Patent-in-Suit; (f) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patent-in-Suit; (g) individuals having knowledge of the alleged inventorship, ownership or rights in the Patent-in-Suit and/or the subject matter of the Patent-in-Suit; (h) individuals having knowledge of the operation and development of the accused products, including employees of Microsoft; and (i) and individuals having knowledge of the financial information, sales, and marketing related to the accused products. Because discovery, investigation, and analysis of this matter are ongoing, Microsoft reserves its right to supplement this information if additional information later becomes known and to designate and/or call further witnesses at trial. Microsoft also reserves the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information relevant to the disputed facts.

**B.      Relevant Documents and Tangible Things**

Based upon information reasonably available to Microsoft at the present time, and subject to the entry of a suitable protective order for the protection of confidential information, Microsoft expects that it may use the following categories of documents, data compilations, and tangible things that are in its possession, custody or control to support its claims and/or defenses to counterclaims, unless solely for impeachment. These disclosures do not constitute admissions as to the relevance or admissibility of the identified materials or a waiver of any attorney-client privilege, work product protection or other applicable protection or immunity.

1.      Documents related to the prior art to the Patent-in-Suit or non-enforceability of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

2.      Documents related to the design and operation of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

3.      Documents relating to financial data pertaining to Microsoft's accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

4.      Documents relating to the marketing of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

5.      Publicly available documents relating to the prosecution of the Patent-in-Suit or any related patents or patent applications, including publicly available copies of the Patent-in-Suit and its file history (offices of Microsoft's outside counsel in Chicago, Illinois).

6.      Publicly available documents relating to the sale, license, or assignment of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

Pursuant to its investigation to date, Microsoft is not currently aware of any Microsoft non-custodial data sources that contain non-duplicative discoverable information.  Microsoft expressly reserves the right to identify any Microsoft non-custodial data sources if such additional documents and information become known and are discovered.  In support of its claims, Microsoft may also rely on documents produced by Defendant pursuant to Federal Rule of Civil Procedure 34 and/or documents produced by non-parties pursuant to Federal Rule of Civil Procedure 45.

## C.      Damages

Microsoft may seek its expenses, costs, and attorney's fees incurred in connection with this action as well as any other relief as the Court deems proper and equitable.

9

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00461 ('702 Patent)

**D.**     **Insurance Agreements**

Microsoft, like other corporate entities, has a complex commercial insurance program involving many types of coverage and multiple layers/participants. Given the fact that Microsoft has sufficient assets to cover the alleged damages at issue in this litigation, information about Microsoft's confidential insurance program is not relevant here.

Respectfully submitted,

Date: January 13, 2022

*/s/ Richard A. Cederoth*
Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

11

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00461 ('702 Patent)

*Attorneys for Defendant Microsoft Corporation*

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00461 ('702 Patent)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on January 13, 2022 by e-mail to all counsel of record.


*/s/ Richard A. Cederoth*
Richard A. Cederoth

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00461 ('702 Patent)

# EXHIBIT K.5

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 6:20-cv-00463<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S AMENDED INITIAL DISCLOSURES
PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendant Microsoft Corporation ("Microsoft") provides these amended initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The information set forth below is preliminary and does not reflect any discovery obtained in this action from Plaintiff or third parties. Discovery or other investigation in the future may reveal or disclose additional or different information. Microsoft has not completed its investigation and expressly reserves the right to supplement, clarify, and/or modify these disclosures under Rule 26(e) either formally or informally through the normal course of discovery (e.g., by producing documents, responding to interrogatories, or producing witnesses at depositions) to the extent required or permitted by the Federal Rules of Civil Procedure and the Local Rules.

Nothing in these initial disclosures shall constitute a waiver of any claim or defense, whether procedural or substantive, including without limitation any claim or defense as to the sufficiency of the complaint, any applicable privilege or immunity, and the right to object to discovery requests that are not relevant and proportional to the needs of the case. Nothing in these

initial disclosures shall constitute an admission or concession on the part of Microsoft with respect to any issues of fact or law.

A.      **Individuals Likely to Have Discoverable Information that Microsoft May Use to Support Its Claims or Defenses**

Based upon information reasonably available to Microsoft at the present time, Microsoft identifies the following individuals it believes are likely to have discoverable information that Microsoft may use to support its claims and/or defenses in this action.  There may be currently unknown individuals with discoverable information.  Microsoft reserves the right to amend or supplement the list of individuals following further investigation and discovery.  Microsoft may also rely on witnesses and documents disclosed by Plaintiff WSOU Investments, LLC, d/b/a/ Brazos Licensing and Development ("WSOU") in its disclosure or in the course of the discovery process.

Below, Microsoft provides the last known address and telephone number or other designated contact information for each individual it believes has such information.  All persons with contact information listed as Microsoft Corporation are current or former employees of, or consultants to, Microsoft.  As a result, Microsoft holds certain attorney-client privilege rights related to actions and communications of such persons.  Microsoft does not consent to or authorize WSOU or WSOU's representatives to communicate with Microsoft's current or former employees or consultants.  All communications with these individuals should be made only through counsel of record for Microsoft in this action.  In making these disclosures, Microsoft does not waive its right to object, pursuant to any applicable Federal Rule of Civil Procedure or Local Rule, to the deposition or trial testimony of any of the individuals listed below or production of any document or tangible thing in the possession of these individuals on the basis of privilege, relevance, or any other valid ground:

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00463 ('241 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Mark DePue | Counsel for Microsoft | The architecture and operation of the display module in HoloLens 2. |
| Yarn-Chee Poon | Counsel for Microsoft | The architecture and operation of the display module in HoloLens 2. |
| Wyatt Davis | Counsel for Microsoft | The architecture and operation of the display module in HoloLens 2. |
| Josh Miller | Counsel for Microsoft | The architecture and operation of the display module in HoloLens 2. |
| Matt Fleckenstein | Counsel for Microsoft | Knowledge of marketing of the accused products/services. |
| Kathryn Griffith | Counsel for Microsoft | Knowledge of Microsoft's accounting systems and financial information relating to the accused products/services. |
| Craig Etchegoyen, Chairman and Founder of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Aaron Garvey, Head of Finance at WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, WSOU's financial information, and/or any alleged practice of the Patent-in-Suit. |
| Stuart A. Shanus, President of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior owner of the Patent-in-Suit Wade & Co., prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Matt Hogan, Business Development Managing Director of | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior |

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00463 ('241 Patent)

| Name | Contact Information | Subject |
|------|---------------------|---------|
| Business Development for WSOU | | art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Alcatel Lucent | 148/152 route de la Reine Boulogne-Billancourt, Ile-de-France 92100 France | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Alcatel-Lucent USA Inc. | 600-700 Mountain Avenue Murray Hill, New Jersey 07974-0636 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| BP Funding Trust, Series SPL-VI c/o Basepoint Administrative, LLC | 500 Delaware Avenue, 11th Floor Wilmington, DE 19801 United States | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Credit Suisse AG | Eleven Madison Avenue New York, NY 10010 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia Solutions and Networks BV | Antareslaan 1 Hoofddorp 2132 JE Netherlands | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia Technologies Oy | Karaportti 3 Espoo, Uusimaa 02610 Finland | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00463 ('241 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| OCO Opportunities Master Fund, L.P., (f/k/a Omega Credit Opportunities Master Fund LP) | 810 7th Avenue, 33rd Floor New York, NY 10019 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Orange Holdings | 502 North Division Street Carson City, NV, 89703 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Wade and Company | 17 Prince Arthur Toronto, Ontario, M5R IG4, Canada | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WCFT Cayman Ltd. | Unknown | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WSOU Holdings, LLC | 16192 Coastal Highway Lewes, Delaware, 19958 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Gang Chen | Brinks Gilson & Lione, 455 N. Cityfront Plaza Drive Suite 3600 Chicago, IL 60611 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Roland Ryf | Nokia Bell Labs, Bell Labs, 791 Holmdel Road, Holmdel, NJ 07733 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of |

5

| Name | Contact Information | Subject |
|---|---|---|
|  |  | inequitable conduct, prior art and/or invalidity. |
| Yuri A. Gruzdkov | Mendelsohn Dunleavy 1500 John F. Kennedy Blvd., Suite 312 Philadelphia, PA 19102 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Steve Mendelsohn | Mendelsohn Dunleavy 1500 John F. Kennedy Blvd., Suite 312 Philadelphia, PA 19102 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| ExPlay | 1, Str. 6, Shosse Varshavskoe Moscow, 117105 Russian Federation | Knowledge of the prior art. |
| Kopin | 125 North Drive Westborough, MA 01581 | Knowledge of the prior art. |
| Light Blue Optics | St. John's Innovation Centre Cowley Road Cambridge, Cambs CB4 0WS, GB | Knowledge of the prior art. |
| Microvision | 6244 185th Ave NE, Suite 100 Redmond, WA 98052 | Knowledge of the prior art. |
| Mitsubishi | 655 Third Avenue New York, NY 10017 | Knowledge of the prior art. |
| Novalux | via Marzabotto, 240050 Funo di Argelato | Knowledge of the prior art. |

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00463 ('241 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| | Bologna, Italy | |
| Samsung | 85 Challenger Road Ridgefield Park, NJ 07660-2106 | Knowledge of the prior art. |
| Texas Instruments | 12500 TI Boulevard Dallas, TX 75243-592 | Knowledge of the prior art. |

This disclosure is submitted with the understanding and belief that, at all times, the knowledge and information held by potential witnesses identified for a given subject may vary. It also may be learned, as discovery proceeds and issues in this action unfold, that one or more individuals may be more knowledgeable about relevant facts and issues than other individuals. By indicating the general subject matter as to which Microsoft now believes a given individual may be knowledgeable, Microsoft is in no way limiting its right to call that individual to testify at trial or at deposition concerning other subjects.

Other individuals not specifically known to Microsoft at this time may possess relevant information, particularly information related to the non-infringement, unenforceability, and/or invalidity of the Patent-in-Suit and any related domestic or foreign applications or patents. Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patent-in-Suit; (b) individuals having knowledge or any prior art use, sale offer for sale, or invention relevant to the subject matter of the Patent-in-Suit; (c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions of the Patent-in-Suit pertain; (d) individuals having knowledge of any declarations, commitments, or encumbrances involving the Patent-in-Suit; (e) individuals having knowledge of any licenses to the Patent-in-Suit, any negotiations to license the Patent-in-Suit, any offers to license the Patent-in-Suit, or any refusal to license the Patent-in-Suit; (f) individuals having

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00463 ('241 Patent)

knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patent-in-Suit; (g) individuals having knowledge of the alleged inventorship, ownership or rights in the Patent-in-Suit and/or the subject matter of the Patent-in-Suit; (h) individuals having knowledge of the operation and development of the accused products, including employees of Microsoft; and (i) and individuals having knowledge of the financial information, sales, and marketing related to the accused products. Because discovery, investigation, and analysis of this matter are ongoing, Microsoft reserves its right to supplement this information if additional information later becomes known and to designate and/or call further witnesses at trial. Microsoft also reserves the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information relevant to the disputed facts.

**B.    Relevant Documents and Tangible Things**

Based upon information reasonably available to Microsoft at the present time, and subject to the entry of a suitable protective order for the protection of confidential information, Microsoft expects that it may use the following categories of documents, data compilations, and tangible things that are in its possession, custody or control to support its claims and/or defenses to counterclaims, unless solely for impeachment. These disclosures do not constitute admissions as to the relevance or admissibility of the identified materials or a waiver of any attorney-client privilege, work product protection or other applicable protection or immunity.

1.    Documents related to the prior art to the Patent-in-Suit or non-enforceability of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

2.    Documents related to the design and operation of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

8

3.     Documents relating to financial data pertaining to Microsoft's accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

4.     Documents relating to the marketing of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

5.     Publicly available documents relating to the prosecution of the Patent-in-Suit or any related patents or patent applications, including publicly available copies of the Patent-in-Suit and its file history (offices of Microsoft's outside counsel in Chicago, Illinois).

6.     Publicly available documents relating to the sale, license, or assignment of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

Pursuant to its investigation to date, Microsoft is not currently aware of any Microsoft non-custodial data sources that contain non-duplicative discoverable information.  Microsoft expressly reserves the right to identify any Microsoft non-custodial data sources if such additional documents and information become known and are discovered.  In support of its claims, Microsoft may also rely on documents produced by Defendant pursuant to Federal Rule of Civil Procedure 34 and/or documents produced by non-parties pursuant to Federal Rule of Civil Procedure 45.

**C.     Damages**

Microsoft may seek its expenses, costs, and attorney's fees incurred in connection with this action as well as any other relief as the Court deems proper and equitable.

**D.     Insurance Agreements**

Microsoft, like other corporate entities, has a complex commercial insurance program involving many types of coverage and multiple layers/participants. Given the fact that Microsoft

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00463 ('241 Patent)

has sufficient assets to cover the alleged damages at issue in this litigation, information about Microsoft's confidential insurance program is not relevant here.

Respectfully submitted,

Date: August 30, 2021

/s/ Richard A. Cederoth
Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

Of Counsel

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

Attorneys for Defendant Microsoft Corporation

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00463 ('241 Patent)

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 30, 2021 by e-mail to all counsel of record.

_/s/ Richard A. Cederoth_
Richard A. Cederoth

11

Defendant's Amended Initial Disclosures
Civil Action No. 6:20-cv-00463 ('241 Patent)

# EXHIBIT K.6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | Civil Action No. 6:20-cv-00464<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S THIRD AMENDED INITIAL DISCLOSURES**
**PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendant Microsoft Corporation ("Microsoft") provides these third amended initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1). The information set forth below is preliminary and fact discovery is ongoing. Discovery or other investigation in the future may reveal or disclose additional or different information. Microsoft has not completed its investigation and expressly reserves the right to supplement, clarify, and/or modify these disclosures under Rule 26(e) either formally or informally through the normal course of discovery (e.g., by producing documents, responding to interrogatories, or producing witnesses at depositions) to the extent required or permitted by the Federal Rules of Civil Procedure and the Local Rules.

Nothing in these initial disclosures shall constitute a waiver of any claim or defense, whether procedural or substantive, including without limitation any claim or defense as to the sufficiency of the complaint, any applicable privilege or immunity, and the right to object to discovery requests that are not relevant and proportional to the needs of the case. Nothing in these

initial disclosures shall constitute an admission or concession on the part of Microsoft with respect to any issues of fact or law.

**A.**      **Individuals Likely to Have Discoverable Information that Microsoft May Use to Support Its Claims or Defenses**

Based upon information reasonably available to Microsoft at the present time, Microsoft identifies the following individuals it believes are likely to have discoverable information that Microsoft may use to support its claims and/or defenses in this action.  There may be currently unknown individuals with discoverable information.  Microsoft reserves the right to amend or supplement the list of individuals following further investigation and discovery.  Microsoft may also rely on witnesses and documents disclosed by Plaintiff WSOU Investments, LLC, d/b/a/ Brazos Licensing and Development ("WSOU") in its disclosure or in the course of the discovery process.

Below, Microsoft provides the last known address and telephone number or other designated contact information for each individual it believes has such information.  All persons with contact information listed as Microsoft Corporation are current or former employees of, or consultants to, Microsoft.  As a result, Microsoft holds certain attorney-client privilege rights related to actions and communications of such persons.  Microsoft does not consent to or authorize WSOU or WSOU's representatives to communicate with Microsoft's current or former employees or consultants.  All communications with these individuals should be made only through counsel of record for Microsoft in this action.  In making these disclosures, Microsoft does not waive its right to object, pursuant to any applicable Federal Rule of Civil Procedure or Local Rule, to the deposition or trial testimony of any of the individuals listed below or production of any document or tangible thing in the possession of these individuals on the basis of privilege, relevance, or any other valid ground:

Defendant's Third Amended Initial Disclosures
Civil Action No. 6:20-cv-00464 ('519 Patent)

| Name | Contact Information | Subject |
|------|---------------------|---------|
| Maksim Golunov | Counsel for Microsoft | Knowledge of design and operation of the Skype (Consumer) and Teams accused products/services. |
| Nigel Stuke | Counsel for Microsoft | Knowledge of design and operation of the Teams accused products/services. |
| Marek Dorusinec | Counsel for Microsoft | Knowledge of design and operation of Registrar. |
| Pavel Tic | Counsel for Microsoft | Knowledge of design and operation of Push Notification Hub. |
| Sergey Anikin | Counsel for Microsoft | Knowledge of design and operation of the Trouter service. |
| Luis Carrasco | Counsel for Microsoft | Knowledge of marketing of the Skype (Consumer) accused products/services. |
| Bindu Pillai | Counsel for Microsoft | Knowledge of marketing of the Teams accused products/services. |
| Jamie Stark[1] | Counsel for Microsoft | Knowledge of marketing of Skype for Business Online and On-Premises. |
| Kathryn Griffith | Counsel for Microsoft | Knowledge of Microsoft's accounting systems and financial information relating to the accused products/services. |
| Craig Etchegoyen, Chairman and Founder of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Aaron Garvey, Head of Finance at WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, |

---

[1] Microsoft's identification of Mr. Stark is conditioned on the ultimate outcome of the parties' dispute if WSOU proceeds with seeking to add Skype for Business to the -464 case. Microsoft reserves the right to disclose an additional technical witness (or witnesses) for Skype for Business if WSOU proceeds with seeking to add Skype for Business to the -464 case.

| Name | Contact Information | Subject |
|------|---------------------|---------|
| | | WSOU's financial information, and/or any alleged practice of the Patent-in-Suit. |
| Stuart A. Shanus, President of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior owner of the Patent-in-Suit Wade & Co., prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Matt Hogan, Business Development Managing Director of Business Development for WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Nokia of America Corporation | 600 Mountain Ave Ste 700 Murray Hill, NJ, 07974 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Alcatel Lucent | 148/152 route de la Reine Boulogne-Billancourt, Ile-de-France 92100 France | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| BP Funding Trust, Series SPL-VI c/o Basepoint Administrative, LLC | 500 Delaware Avenue 11th Floor Wilmington, DE 19801 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Credit Suisse AG | Eleven Madison Avenue New York, NY 10010 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia Solutions and Networks BV | Antareslaan 1 Hoofddorp 2132 JE | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in- |

4

| Name | Contact Information | Subject |
|---|---|---|
| | Netherlands | Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Nokia Technologies Oy | Karaportti 3 Espoo, Uusimaa 02610 Finland | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| OCO Opportunities Master Fund, L.P., (f/k/a Omega Credit Opportunities Master Fund LP) | 810 7th Avenue, 33rd Floor New York, NY 10019 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Orange Holdings | 502 North Division Street Carson City, NV, 89703 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Wade and Company | 520 Newport Centre Boulevard Newport Beach, California 92660 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WCFT Cayman Ltd. | Unknown | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| WSOU Holdings, LLC | 16192 Coastal Highway Lewes, Delaware, 19958 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Aqua Licensing LLC | 201 Mission, Suite 1200 San Francisco, California, 94105 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Ronald F. Watts | Mt. Bakerview Condominiums | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, |

| Name | Contact Information | Subject |
|------|--------------------|---------|
| | 910 34th St., Unit 100 Anacortes, WA 98221-356 | conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Gilman R. Steven | ETO4I, Inc. 850 Quail Rise Fairview, TX 75069 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Raffi Gostanian | Proactive Patents 900 West Bethany Drive, Suite 380 Allen, Texas 75013 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Richard A. Mysliwiec | Solera Holdings 1301 Solana Blvd #2100 Westlake, TX 76262 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |
| Avaya Inc. | 2605 Meridian Parkway Suite 200 Durham, NC 27713 | Knowledge of the prior art. |
| Cisco Systems, Inc. | 170 West Tasman Dr. San Jose, CA 95134 | Knowledge of the prior art. |
| Ericsson Inc. | 6300 Legacy Drive Plano, TX 75024 | Knowledge of the prior art. |
| Microsoft Corporation | One Microsoft Way Redmond, WA 98052

Contact through Counsel for Microsoft | Knowledge of the prior art. |

Defendant's Third Amended Initial Disclosures
Civil Action No. 6:20-cv-00464 ('519 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Voicenet Communications | 9810 Ashton Road Philadelphia, PA 19114 | Knowledge of the prior art. |
| Vonage Holdings Corp. | 23 Main St. Holmdel, NJ, 07733 | Knowledge of the prior art. |
| Columbia University | 412 Low Memorial Library 535 West 116th Street New York, NY 10027 | Knowledge of the prior art. |

This disclosure is submitted with the understanding and belief that, at all times, the knowledge and information held by potential witnesses identified for a given subject may vary. It also may be learned, as discovery proceeds and issues in this action unfold, that one or more individuals may be more knowledgeable about relevant facts and issues than other individuals. By indicating the general subject matter as to which Microsoft now believes a given individual may be knowledgeable, Microsoft is in no way limiting its right to call that individual to testify at trial or at deposition concerning other subjects.

Other individuals not specifically known to Microsoft at this time may possess relevant information, particularly information related to the non-infringement, unenforceability, and/or invalidity of the Patent-in-Suit and any related domestic or foreign applications or patents. Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patent-in-Suit; (b) individuals having knowledge or any prior art use, sale offer for sale, or invention relevant to the subject matter of the Patent-in-Suit; (c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions of the Patent-in-Suit pertain; (d) individuals having knowledge of any declarations, commitments, or encumbrances involving the Patent-in-Suit; (e) individuals having knowledge of any licenses to the Patent-in-Suit, any negotiations to license the Patent-in-Suit, any offers to license the Patent-in-Suit, or any refusal to license the Patent-in-Suit; (f) individuals having

7

knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patent-in-Suit; (g) individuals having knowledge of the alleged inventorship, ownership or rights in the Patent-in-Suit and/or the subject matter of the Patent-in-Suit; (h) individuals having knowledge of the operation and development of the accused products, including employees of Microsoft; and (i) and individuals having knowledge of the financial information, sales, and marketing related to the accused products. Because discovery, investigation, and analysis of this matter are ongoing, Microsoft reserves its right to supplement this information if additional information later becomes known and to designate and/or call further witnesses at trial.  Microsoft also reserves the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information relevant to the disputed facts.

      **B.**      **Relevant Documents and Tangible Things**

Based upon information reasonably available to Microsoft at the present time, Microsoft expects that it may use the following categories of documents, data compilations, and tangible things that are in its possession, custody or control to support its claims and/or defenses to counterclaims, unless solely for impeachment.  These disclosures do not constitute admissions as to the relevance or admissibility of the identified materials or a waiver of any attorney-client privilege, work product protection or other applicable protection or immunity.

      1.      Documents related to the prior art to the Patent-in-Suit or non-enforceability of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

      2.      Documents related to the design and operation of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

Defendant's Third Amended Initial Disclosures
Civil Action No. 6:20-cv-00464 ('519 Patent)

3.      Documents relating to financial data pertaining to Microsoft's accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

4.      Documents relating to the marketing of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

5.      Publicly available documents relating to the prosecution of the Patent-in-Suit or any related patents or patent applications, including publicly available copies of the Patent-in-Suit and its file history (offices of Microsoft's outside counsel in Chicago, Illinois).

6.      Publicly available documents relating to the sale, license, or assignment of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

Pursuant to its investigation to date, Microsoft is not currently aware of any Microsoft non-custodial data sources that contain non-duplicative discoverable information.  Microsoft expressly reserves the right to identify any Microsoft non-custodial data sources if such additional documents and information become known and are discovered.  In support of its claims, Microsoft may also rely on documents produced by Defendant pursuant to Federal Rule of Civil Procedure 34 and/or documents produced by non-parties pursuant to Federal Rule of Civil Procedure 45.

## C.      Damages

Microsoft may seek its expenses, costs, and attorney's fees incurred in connection with this action as well as any other relief as the Court deems proper and equitable.

## D.      Insurance Agreements

Microsoft, like other corporate entities, has a complex commercial insurance program involving many types of coverage and multiple layers/participants. Given the fact that Microsoft

has sufficient assets to cover the alleged damages at issue in this litigation, information about Microsoft's confidential insurance program is not relevant here.

Date: March 15, 2022

*Of Counsel*

Michael J. Bettinger
mbettinger@sidley.com
Irene Yang
irene.yang@sidley.com
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Tel: (415) 772-1200
Fax: (415) 772-7400

Richard A. Cederoth
rcederoth@sidley.com John W. McBride
jwmcbride@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Tel: (312) 853-7000
Fax: (312) 853-7036

Brooke S. Böll
brooke.boll@sidley.com
SIDLEY AUSTIN LLP
555 West Fifth Street
Los Angeles, CA 90013
Tel: (213) 896-6633
Fax: (213) 896-6600

/s/  Richard A. Cederoth

Melissa R. Smith
Bar No. 24001351
melissa@gillamsmithlaw.com
James "Travis" Underwood
Bar No. 24102587
travis@gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Tel: (903) 934-8450
Fax: (903) 934-9257

*Attorneys for Defendant Microsoft
Corporation*

10

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 15, 2022 by e-mail to all counsel of record.


<u>*/s/ Richard A. Cederoth*</u>
Richard A. Cederoth

Defendant's Third Amended Initial Disclosures
Civil Action No. 6:20-cv-00464 ('519 Patent)

# EXHIBIT K.7

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| WSOU INVESTMENTS, LLC, d/b/a BRAZOS LICENSING AND DEVELOPMENT<br><br>        Plaintiff,<br><br>                v.<br><br>MICROSOFT CORPORATION,<br><br>        Defendant. | Civil Action No. 6:20-cv-00465<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S FIRST AMENDED DISCLOSURES**
**PURSUANT TO FED. R. CIV. P. 26(a)(1)**

Defendant Microsoft Corporation ("Microsoft") provides these initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).  Discovery or other investigations are ongoing and may reveal or disclose additional or different information.  Microsoft has not completed its investigation and expressly reserves the right to supplement, clarify, and/or modify these disclosures under Rule 26(e) either formally or informally through the normal course of discovery (e.g., by producing documents, responding to interrogatories, or producing witnesses at depositions) to the extent required or permitted by the Federal Rules of Civil Procedure and the Local Rules.

Nothing in these initial disclosures shall constitute a waiver of any claim or defense, whether procedural or substantive, including without limitation any claim or defense as to the sufficiency of the complaint, any applicable privilege or immunity, and the right to object to discovery requests that are not relevant and proportional to the needs of the case.  Nothing in these

1

initial disclosures shall constitute an admission or concession on the part of Microsoft with respect to any issues of fact or law.

### A.    Individuals Likely to Have Discoverable Information that Microsoft May Use to Support Its Claims or Defenses

Based upon information reasonably available to Microsoft at the present time, Microsoft identifies the following individuals it believes are likely to have discoverable information that Microsoft may use to support its claims and/or defenses in this action.  There may be currently unknown individuals with discoverable information.  Microsoft reserves the right to amend or supplement the list of individuals following further investigation and discovery.  Microsoft may also rely on witnesses and documents disclosed by Plaintiff WSOU Investments, LLC, d/b/a/ Brazos Licensing and Development ("WSOU") in its disclosure or in the course of the discovery process.

Below, Microsoft provides the last known address and telephone number or other designated contact information for each individual it believes has such information.  All persons with contact information listed as Microsoft Corporation are current or former employees of, or consultants to, Microsoft.  As a result, Microsoft holds certain attorney-client privilege rights related to actions and communications of such persons.  Microsoft does not consent to or authorize WSOU or WSOU's representatives to communicate with Microsoft's current or former employees or consultants.  All communications with these individuals should be made only through counsel of record for Microsoft in this action.  In making these disclosures, Microsoft does not waive its right to object, pursuant to any applicable Federal Rule of Civil Procedure or Local Rule, to the deposition or trial testimony of any of the individuals listed below or production of any document or tangible thing in the possession of these individuals on the basis of privilege, relevance, or any other valid ground:

2

Defendant's First Amended Initial Disclosures
Civil Action No. 6:20-cv-00465 ('902 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Amit Kumar | Counsel for Microsoft | Knowledge of the design, development, and operation of Azure Monitor. |
| Anirudh Cavale | Counsel for Microsoft | Knowledge of the design, development, and operation of Azure Monitor. |
| Vijay Kumar | Counsel for Microsoft | Knowledge of marketing of the accused products/services. |
| Kathryn Griffith | Counsel for Microsoft | Knowledge of Microsoft's accounting systems and financial information relating to the accused products/services. |
| Craig Etchegoyen, Chairman and Founder of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Aaron Garvey, Head of Finance at WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, WSOU's financial information, and/or any alleged practice of the Patent-in-Suit. |
| Stuart A. Shanus, President of WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior owner of the Patent-in-Suit Wade & Co., prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |
| Matt Hogan, Business Development Managing Director of Business Development for WSOU | Counsel for Plaintiff | Knowledge of the Patent-in-Suit, including but not limited to the acquisition, sale, and/or transfer of the Patent-in-Suit, prior art, invalidity of the Patent-in-Suit, efforts to license or enforce the Patent-in-Suit, the relevant market, WSOU's business, and/or any alleged practice of the Patent-in-Suit. |

3

| Name | Contact Information | Subject |
|---|---|---|
| Alcatel Lucent | 148/152 route de la Reine Boulogne-Billancourt, Ile-de-France 92100 France | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Alcatel-Lucent USA Inc. (currently known as Nokia of America) | 600-700 Mountain Avenue Murray Hill, New Jersey 07974-0636 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Credit Suisse AG | Eleven Madison Avenue New York, NY 10010 | Knowledge of the Patent-in-Suit, including efforts to sell, assign, transfer, or license the Patent-in-Suit, valuation of the Patent-in-Suit, ownership of the Patent-in-Suit, prior art, and/or invalidity of the Patent-in-Suit. |
| Tian Bu | AppDynamics One Penn Plaza 6th and 9th Floors New York, NY 10119 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Jin Cao | Bell Labs, 600 Mountain Avenue Murray Hill, NJ 07974-0636 | Named inventor on the Patent-in-Suit. Knowledge of the Patent-in-Suit, including the subject matter of the Patent-in-Suit, prosecution of the Patent-in-Suit, conception, reduction to practice, acts of inequitable conduct, prior art and/or invalidity. |
| Martin I. Finston | Sandia National Laboratories P.O. Box 5800 Albuquerque, NM 87185 | Knowledge of the Patent-in-Suit, the prosecution of the Patent-in-Suit, related U.S. and foreign patents and applications, the prosecution of related U.S. and foreign patents and applications, and issues relating thereto, including the subject matter of the Patent-in-Suit, validity, conception, reduction to practice, acts of inequitable conduct, and/or prior art. |

Defendant's First Amended Initial Disclosures
Civil Action No. 6:20-cv-00465 ('902 Patent)

| Name | Contact Information | Subject |
|---|---|---|
| Alcatel-Lucent S.A. | 148-152 Route de la Reine, 92100 Boulogne-Billancourt, France | Knowledge of the prior art. |
| Cisco Systems, Inc. | 170 West Tasman Dr. San Jose, CA 95134 | Knowledge of the prior art. |
| Lucent Technologies, Inc. | 600 Mountain Avenue New Providence, NJ 07974 | Knowledge of the prior art. |
| The Center for Applied Internet Data Analysis | 9500 Gilman Dr. MC 0505 La Jolla, CA 92093, US | Knowledge of the prior art. |
| The University of Washington | 1410 NE Campus Parkway Seattle, WA 98195 | Knowledge of the prior art. |

This disclosure is submitted with the understanding and belief that, at all times, the knowledge and information held by potential witnesses identified for a given subject may vary. It also may be learned, as discovery proceeds and issues in this action unfold, that one or more individuals may be more knowledgeable about relevant facts and issues than other individuals. By indicating the general subject matter as to which Microsoft now believes a given individual may be knowledgeable, Microsoft is in no way limiting its right to call that individual to testify at trial or at deposition concerning other subjects.

Other individuals not specifically known to Microsoft at this time may possess relevant information, particularly information related to the non-infringement, unenforceability, and/or invalidity of the Patent-in-Suit and any related domestic or foreign applications or patents. Such individuals may include, but are not limited to: (a) authors of prior art publications and patents relevant to the subject matter of the Patent-in-Suit; (b) individuals having knowledge or any prior art use, sale offer for sale, or invention relevant to the subject matter of the Patent-in-Suit;

5

(c) individuals having knowledge of the level of ordinary skill in the art to which the alleged inventions of the Patent-in-Suit pertain; (d) individuals having knowledge of any declarations, commitments, or encumbrances involving the Patent-in-Suit; (e) individuals having knowledge of any licenses to the Patent-in-Suit, any negotiations to license the Patent-in-Suit, any offers to license the Patent-in-Suit, or any refusal to license the Patent-in-Suit; (f) individuals having knowledge of the circumstances or manner in which the alleged inventions are disclosed in the Patent-in-Suit; (g) individuals having knowledge of the alleged inventorship, ownership or rights in the Patent-in-Suit and/or the subject matter of the Patent-in-Suit; (h) individuals having knowledge of the operation and development of the accused products, including employees of Microsoft; and (i) and individuals having knowledge of the financial information, sales, and marketing related to the accused products. Because discovery, investigation, and analysis of this matter are ongoing, Microsoft reserves its right to supplement this information if additional information later becomes known and to designate and/or call further witnesses at trial.  Microsoft also reserves the right to seek discovery from, and relating to, other persons that may subsequently become known as persons likely to have discoverable information relevant to the disputed facts.

### B.    Relevant Documents and Tangible Things

Based upon information reasonably available to Microsoft at the present time, Microsoft expects that it may use the following categories of documents, data compilations, and tangible things that are in its possession, custody or control to support its claims and/or defenses to counterclaims, unless solely for impeachment.  These disclosures do not constitute admissions as to the relevance or admissibility of the identified materials or a waiver of any attorney-client privilege, work product protection or other applicable protection or immunity.

Defendant's First Amended Initial Disclosures
Civil Action No. 6:20-cv-00465 ('902 Patent)

1.     Documents related to the prior art to the Patent-in-Suit or non-enforceability of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

2.     Documents related to the design and operation of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

3.     Documents relating to financial data pertaining to Microsoft's accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

4.     Documents relating to the marketing of the accused products/services (Redmond, Washington and offices of Microsoft's outside counsel in Chicago, Illinois).

5.     Publicly available documents relating to the prosecution of the Patent-in-Suit or any related patents or patent applications, including publicly available copies of the Patent-in-Suit and its file history (offices of Microsoft's outside counsel in Chicago, Illinois).

6.     Publicly available documents relating to the sale, license, or assignment of the Patent-in-Suit (offices of Microsoft's outside counsel in Chicago, Illinois).

Pursuant to its investigation to date, Microsoft is not currently aware of any Microsoft non-custodial data sources that contain non-duplicative discoverable information.  Microsoft expressly reserves the right to identify any Microsoft non-custodial data sources if such additional documents and information become known and are discovered.  In support of its claims, Microsoft may also rely on documents produced by Defendant pursuant to Federal Rule of Civil Procedure 34 and/or documents produced by non-parties pursuant to Federal Rule of Civil Procedure 45.

**C.     Damages**

Microsoft may seek its expenses, costs, and attorney's fees incurred in connection with this action as well as any other relief as the Court deems proper and equitable.

Defendant's First Amended Initial Disclosures
Civil Action No. 6:20-cv-00465 ('902 Patent)

**D.      Insurance Agreements**

Microsoft, like other corporate entities, has a complex commercial insurance program involving many types of coverage and multiple layers/participants. Given the fact that Microsoft has sufficient assets to cover the alleged damages at issue in this litigation, information about Microsoft's confidential insurance program is not relevant here.


Respectfully submitted,

Date: September 30, 2021

*/s/ Richard A. Cederoth*
Barry K. Shelton
Texas State Bar No. 24055029
SHELTON COBURN LLP
311 RR 620 S, Suite 205
Austin, TX 78734
Telephone: (512) 263-2165
Fax: (512) 263-2166
bshelton@sheltoncoburn.com

*Of Counsel*

Michael J. Bettinger
Irene Yang
SIDLEY AUSTIN LLP
555 California St., Suite 2000
San Francisco, CA 94104
Telephone: (415) 772-1200
Fax: (415) 772-7400
mbettinger@sidley.com
irene.yang@sidley.com

Richard A. Cederoth
John W. McBride
SIDLEY AUSTIN LLP
1 South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Fax: (312) 853-7036
rcederoth@sidley.com
jwmcbride@sidley.com

8

Defendant's First Amended Initial Disclosures
Civil Action No. 6:20-cv-00465 ('902 Patent)

*Attorneys for Defendant Microsoft Corporation*

Defendant's First Amended Initial Disclosures
Civil Action No. 6:20-cv-00465 ('902 Patent)

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on September 30, 2021 by e-mail to all counsel of record.


*/s/ Richard A. Cederoth*
Richard A. Cederoth

Defendant's First Amended Initial Disclosures
Civil Action No. 6:20-cv-00465 ('902 Patent)